MASSEY–FERGUSON CREDIT CORPO-RATION, Plaintiff and Appellee,

v.

Charles BLOOMQUIST, aka Charles Blomquist, Defendant and Appellant.

Civ. No. 880179.

Supreme Court of North Dakota.

Aug. 28, 1989.

J. Thomas Traynor, Jr. of Traynor, Rutten & Traynor, Devils Lake, for plaintiff and appellee.

Charles Blomquist, Edmore, pro se.

VANDE WALLE, Justice.

Charles Blomquist appealed from an order granting Massey–Ferguson Credit Corporation (MFCC) immediate possession of certain machinery and equipment pursuant to a security agreement executed by Blomquist. He also appealed from "prior and subsequent orders and judgments" of the district court. No order was entered pursuant to Rule 54(b), N.D.R.Civ.P., and we therefore dismiss the appeal.

This action was commenced by the service of a complaint upon Blomquist which requested immediate delivery of the property as provided in Chapter 32–07, N.D. C.C., the claim-and-delivery statutes; for judgment in the amount of $41,535.59; for MFCC's costs and disbursements; and for a deficiency if, after the property was sold as provided in Chapter 41–09, N.D.C.C., a deficiency existed. At the same time MFCC served an application for an order to show cause why an order should not be issued authorizing immediate delivery of the property to MFCC pursuant to Chapter 32–07. After some delay, apparently involving a proposed stipulation among the parties which was not executed, another order to show cause was issued resulting in the order from which this appeal was taken. That order, although recognizing MFCC's right to possession, determined it was not in the best interest of the parties to have MFCC take possession of the equipment at that time and to conduct a commercial sale. It gave Blomquist 60 days to become current under the terms and provisions of the Renewal and Refinancing Agreement, and provided that if Blomquist failed to become current within the 60 days MFCC was to have possession of the equip-

---

ment if it provided an undertaking in the amount of $44,000 as specified in Chapter 32-07.[1] Blomquist apparently did not become current and MFCC renewed its motion. Another order was entered granting MFCC possession of the property conditioned upon MFCC's posting a bond and permitting Blomquist to retain the property upon posting a bond.

On appeal Blomquist raised issues concerning the bond required to be posted by MFCC in order to obtain the property and the security required of Blomquist by the trial court if the property were to be redelivered to Blomquist.[2]

In a series of recent decisions this court has dismissed appeals when no order pursuant to Rule 54(b) has been entered [e.g., *Brown v. Will*, 388 N.W.2d 869 (N.D. 1986)] or, if entered, has been entered improvidently [e.g., *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919 (N.D. 1989)]. The rationale of those decisions is that Rule 54(b) is designed to deter piecemeal disposal of litigation and to avoid possible injustice caused by unnecessary delay in adjudicating a separate claim. *First Trust Co. of North Dakota v. Conway*, 345 N.W.2d 838 (N.D.1984). We have dismissed for lack of a Rule 54(b) order when the appeal was from an order granting a provisional remedy for prejudgment possession of collateral and proceeds under Chapter 32–07. *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989). In that case the Wentworths, the appellants, sought and were denied a Rule 54(b) certification from the trial court. We con-

cluded there were no unusual or compelling circumstances which would warrant a Rule 54(b) certification and that the trial court did not abuse its discretion in denying that certification. Here, the trial court was not requested to make and did not make an express Rule 54(b) determination, nor was such a determination implicit in the court's decision.[3] *Compare First Trust Co. of North Dakota v. Conway, supra.* In other respects this case is identical to *Wentworth.* It is apparent from the record before us and from the very issues Blomquist raises in this attempted appeal that issues remain to be decided. The order granting possession did not adjudicate all of the claims by either MFCC or Blomquist. Section 32–07–12, N.D.C.C., specifies what remains to be determined when the property has been delivered to the plaintiff and what remains to be determined when the property has not been delivered to the plaintiff.

In *Production Credit Ass'n v. Halverson*, 386 N.W.2d 905, 910 (N.D.1986), which involved an appeal from a final summary judgment, we observed that "Prejudgment seizure of a defendant's property before there has been a determination of the underlying claim and before the defendant has had an opportunity to be heard on the merits of the underlying claim, is a drastic remedy the granting of which demands the utmost caution and sensitivity. In view of the magnitude of harm that a plaintiff may visit upon a defendant by obtaining prejudgment possession of the defendant's property through claim and delivery proceedings, strict compliance with statutes designed to protect the defendant is re-

---

1. Section 32–07–04, N.D.C.C., requires a written undertaking executed by one or more sufficient sureties in an amount double the value of the property as set forth in the plaintiff's affidavit referred to in Section 32–07–02, N.D.C.C.

2. Section 32–07–06, N.D.C.C., requires a written undertaking executed by two or more sufficient sureties in an amount double the value of the property as set forth in the plaintiff's affidavit if the defendant is to require the return of the property.

   Bloomquist's issues on appeal reflect a lack of understanding between a personal and corporate surety.

3. Had a Rule 54(b) order been issued it is possible that it could have been deemed improvident-

ly issued. See *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919 (N.D.1989); *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989); *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D. 1989); *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). For that reason we have not employed the procedure adopted in *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347 (N.D. 1989), and *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988), where we remanded the record for purposes of permitting the trial court to consider the propriety of issuing a Rule 54(b) order but retained jurisdiction in this court to consider the appeal if such an order were issued.

quired." Without deciding its application to these issues, we note that Section 32–07–12(3), N.D.C.C., provides that in a claim-and-delivery action if the jury "finds against the plaintiff and the property has been delivered to him, and the defendant in his answer claims a return of the property, it shall find the value thereof, or of the defendant's interest therein, if less than its full value, at the time of the taking, and it also shall assess the damages, if any are claimed in the answer, which the defendant has sustained by reason of the taking and detention of such property."

If Blomquist has sustained damage by a wrongful taking and detention of his property, he is entitled to damages by reason thereof. Thus the very issues which Blomquist raises in this attempted appeal are issues remaining to be determined below and may be raised on appeal from a final judgment. Blomquist's appeal is therefore dismissed without prejudice to raise the issues on appeal from a final judgment.

MESCHKE, Acting C.J., GIERKE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.