**Douglas E. O'NEIL, Plaintiff and Appellee,**

v.

**PROSPER OIL COMPANY, Defendant,**

**and**

**Layne Lindberg, d.b.a. Lindberg Production Services, Defendant and Appellant.**

**MISSOURI VALLEY PERFORATING, INC., Plaintiff and Appellee,**

v.

**Layne A. LINDBERG, d.b.a. Lindberg Production Services, Defendant and Appellant,**

**Prosper Oil Company and Larry Jones, Defendants.**

**KBM WELL SERVICE, INC., Plaintiff and Appellee,**

v.

**Layne A. LINDBERG, d.b.a. Lindberg Production Services, Defendant and Appellant,**

**Prosper Oil Company and Larry Jones, Defendants.**

Civ. Nos. 890172, 890192 and 890193.

Supreme Court of North Dakota.

Nov. 28, 1989.

Winkjer, McKennett, Stenehjem, Murphy & Reierson, Williston, for all plaintiffs and appellees; argued by Kent A. Reierson.

Layne A. Lindberg, defendant and appellant, pro se; appearance by Layne A. Lindberg; argued by Barbara J. Lindberg, pro se.

LEVINE, Justice.

This is a consolidated appeal from orders denying Layne Lindberg's motion to amend his answer and counterclaim and denying his demand for jury trial. Lindberg, a co-defendant in three collection actions, moved to amend his answer and counterclaim in two of those actions to allege tortious interference with contract and slander. Lindberg demanded a jury trial for the first time in the proposed amended answer and counterclaim. The trial court denied Lindberg's motion to amend and his demand for jury trial. Lindberg appealed.

Where, as here, there is an appeal and there remain unadjudicated claims to be

resolved by the trial court, our framework for determining whether we have jurisdiction to consider the appeal is settled. First, the order appealed from must meet one of the criteria set forth in NDCC § 28–27–02. *Gast Construction Co. v. Brighton Partnership*, 422 N.W.2d 389, 390 (N.D.1988). If it does not, the appeal must be dismissed. *Id.* If the order meets one of the statutory criteria, there must also be a Rule 54(b), NDRCivP, certification order. *Id.* This analysis guides our resolution of Lindberg's appeal.

An order denying a jury trial does not meet the statutory criteria of NDCC § 28–27–02. It is strictly an interlocutory order and is not appealable. *See United Hospital v. Hagen*, 285 N.W.2d 586, 588 (N.D.1979). An order denying a motion to amend is appealable only if it fulfills one of the criteria of § 28–27–02 and only if there is a Rule 54(b) order certifying the trial court's ruling on the motion as a final judgment. *See Peterson v. Zerr*, 443 N.W.2d 293, 296 (N.D.1989). Although the proposed amendment may meet the statutory criterion that it "involve[ ] the merits of an action or some part thereof," NDCC § 28–27–02(5), the record does not contain the required 54(b) order. Nor is it likely a 54(b) order would be forthcoming since all claims remain unadjudicated and are legally and factually intertwined. *See Massey–Ferguson Credit Corp. v. Bloomquist*, 444 N.W.2d 694, 695 n. 3 (N.D.1989). Without a certification order, we are without jurisdiction to consider Lindberg's appeal.

Accordingly, we dismiss the appeal. Costs on appeal are taxed against Lindberg, pursuant to Rule 39, NDRAppP.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and A.C. BAKKEN, Surrogate Justice, concur.

A.C. BAKKEN, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.