Curtis GISSEL and Joan Gissel,
Plaintiffs and Appellants,

v.

KENMARE TOWNSHIP and Kenmare
Municipal Airport Authority,
Defendants and Appellees.

Curtis and Joan GISSEL, Plaintiffs
and Appellants,

v.

KENMARE TOWNSHIP, Defendant
and Appellee,

and

Minot Paving Company, Inc.,
Defendant,

and

Kenmare Municipal Airport Authority,
Defendant and Appellee.

Civ. Nos. 900293, 900294.

Supreme Court of North Dakota.

Nov. 29, 1990.

Bosard, McCutcheon & Rau, Ltd., Minot, for plaintiffs and appellants; argued by Robert S. Rau. Appearance by Curtis Gissel and Joan Gissel.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendants and appellees; argued by Robert A. Wheeler.

ERICKSTAD, Chief Justice.

Curtis and Joan Gissel appeal from a district court order which dismissed a part of their appeal from Kenmare Township's decision to discontinue a township road, dissolved an injunction restraining Kenmare Township from discontinuing the road, and provided that "the parties may proceed as provided by law with a jury trial to establish damages, if any, to the [Gissels] from the closure of said road." Because the jury determination of damages remains pending and no order complying with Rule 54(b), N.D.R.Civ.P., was entered, we dismiss the appeal.

To facilitate the extension of a runway, the Kenmare Municipal Airport Authority [Airport Authority] brought eminent domain proceedings in July 1989 against Kenmare Township to acquire and extinguish all public right of travel over 800 feet of a township section line road that runs between airport property and the Gissels' property. The lawsuit was ultimately settled when the Airport Authority paid Kenmare Township $32,900 to construct and upgrade other township roads and a judgment approving the settlement was entered.

In September 1989 the Gissels, who were not parties to the eminent domain proceedings, sued Kenmare Township and the Airport Authority seeking injunctive relief and asserting that there had been no compliance with the law relating to closure and vacation of a public way, that the closing of the township road would damage the value of their property, and that they were entitled to just compensation. As a result of this action, the Gissels obtained an order in October 1989 enjoining Kenmare Township and the Airport Authority from closing the roadway until the Gissels' "rights in and to the property have been extinguished as is provided for by law."

In December 1989 the Kenmare Township Board [Board] conducted a hearing pursuant to Chapter 24–07, N.D.C.C., on a petition to vacate and discontinue the section line township road adjoining the Gissels' property. The Board voted to discontinue the township road and to award the Gissels $3,400 in damages. The Gissels rejected the award of damages and in January 1990 appealed the Board's decision to the district court. In May 1990, the district court granted Kenmare Township's motion to consolidate the Gissels' September 1989 action for injunctive relief with their January 1990 appeal of the Board's decision.

Kenmare Township moved for summary judgment dismissing that part of the Gissels' appeal concerning the Board's decision to discontinue the road on the ground that the Board had properly complied with the statutory procedures. The trial court ruled as a matter of law that the procedure followed by Kenmare Township to effect a discontinuance of the township road complied with Chapter 24–07, N.D.C.C., and dismissed that part of the Gissels' appeal. In accordance with its decision that there had been compliance with the statutory procedures, the trial court also dissolved the injunction issued in October 1989. A jury trial to determine damages from the

closure of the road remains pending. The Gissels appealed.

■ The framework for analyzing this court's jurisdiction in cases where there is an appeal and there are unadjudicated claims remaining to be resolved by the trial court is settled. First, the order appealed from must meet one of the criteria set forth in § 28–27–02, N.D.C.C. *O'Neil v. Prosper Oil Company,* 448 N.W.2d 626, 627 (N.D.1989). In this case, the order which dissolves the injunction and grants partial summary judgment on the issue of compliance with statutory procedures meets the appealability requirements of § 28–27–02(3) and (5), N.D.C.C. *See Peterson v. Zerr,* 443 N.W.2d 293, 296 (N.D. 1989); *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175, 179 (N.D.1981).

Second, if the order does meet the statutory criteria, there must also be a Rule 54(b), N.D.R.Civ.P., certification. *Gast Construction Co. v. Brighton Partnership,* 422 N.W.2d 389, 390 (N.D.1988). Under Rule 54(b), if some claims or issues [*Mitzel v. Schatz,* 167 N.W.2d 519, 526 (N.D.1968)], remain unadjudicated, the trial court must certify that there is no just reason for delay and direct the entry of a final judgment for the order to be appealable. In the absence of a Rule 54(b) certification, we are without jurisdiction to consider the appeal. *Gast Construction Co., supra.*

■ Although the issue of damages remains pending and there is no Rule 54(b) certification in the record, this case presents us with an additional procedural quirk. The injunction, which this order dissolves, was originally granted through a separately filed lawsuit. The Gissels' appeal from the decision of the Board, which this order only partially adjudicates, was also originally filed as a separate action. The trial court ordered the two actions consolidated, presumably under Rule 42(a), N.D.R.Civ.P. The question thus becomes whether a post-consolidation order that disposes of less than all of the consolidated cases is governed by Rule 54(b).

Courts which have considered the question have reached varying results. We have recently recognized that consolidation under Rule 42(a) " 'does not cause one civil action to emerge from two.' " *Heller v. Production Credit Association of Minot,* 462 N.W.2d 125, 128 (N.D.1990) [quoting *McKenzie v. United States,* 678 F.2d 571, 574 (5th Cir.1982)]. *See also* 5 *Moore's Federal Practice* ¶ 42.02[3] (2d ed. 1988); 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2382 (1971). A small minority of courts, relying on the principle that consolidated actions retain their separate identity, have ruled that a judgment or order in one part of a consolidated action is final and appealable without a Rule 54(b) certification, even if other consolidated claims remain pending. *See Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982); *In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 442 (1st Cir.1972). Other courts have adopted the opposite rule that a judgment or order in a consolidated action that does not dispose of all of the claims is not appealable without a Rule 54(b) certification. *See Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir.1987), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Huene v. United States,* 743 F.2d 703, 705 (9th Cir.1984); *Dixon v. Am General Corp.,* 454 A.2d 1357, 1359–1360 (D.C.Ct.App.1983); *Steck v. Aagaire,* 789 P.2d 708, 709 (Utah 1990); *State v. District Court of Second Judicial Dist.,* 387 P.2d 550, 552 (Wyo.1963). A relatively substantial number of courts have adopted a flexible approach where the appellate court considers the extent and purpose of the consolidation and the relationship between the consolidated actions in determining whether the actions could be appealed separately absent a Rule 54(b) certification. *See Lewis Charters, Inc. v. Huckins Yacht Corp.,* 871 F.2d 1046, 1048–1049 (11th Cir.1989); *Bergman v. City of Atlantic City,* 860 F.2d 560, 566 (3rd Cir.1988); *Ivanov-McPhee v. Washington Nat'l Ins. Co.,* 719 F.2d 927, 930 (7th Cir.1983); *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir.1982); *Melone v. Morgan,* 676 S.W.2d 805, 806 (Ky.Ct.App.1984); *see also Hageman v. City Investing Co.,* 851 F.2d 69, 71 (2nd

Cir.1988) [holding that if a judgment in a consolidated case does not dispose of all claims which have been consolidated, a "strong presumption" exists that the judgment is not appealable absent a Rule 54(b) certification which can only be overcome by a showing of "highly unusual circumstances"].

While none of these rules are beyond criticism, we believe the most appropriate to apply is the flexible case-by-case approach. The rationale that no Rule 54(b) order is required because the consolidated actions do not lose their separate identity

"is an overly mechanical approach. The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause. An appeal prior to the conclusion of the entire action could well frustrate the purpose for which the cases were originally consolidated. Not only could it complicate matters in the district court but it also could cause an unnecessary duplication of efforts in the appellate court." *Huene v. United States, supra,* 743 F.2d at 704.

In criticizing the view that no Rule 54(b) certification is required under these circumstances, the court in *Bergman v. City of Atlantic City, supra,* 860 F.2d at 566 n. 9, further explained:

"No well-counseled plaintiff ... would ever join separate claims in a single complaint; he should instead file a separate complaint for each claim and then have them consolidated. This procedure would have no effect on the proceedings in the district court, but would allow the plaintiff to appeal an adverse judgment on one claim even while the related consolidated claims were still pending in the district court. Such a result plainly violates the purpose of avoiding piecemeal appellate litigation...."

The rule requiring Rule 54(b) certification in all appeals in consolidated actions is, we believe, also unsound:

"That rule, which forbids separate appeals [absent Rule 54(b) certification] regardless of the scope of the consolidation order, could conceivably disallow the appeal of an action if it had earlier been consolidated only for very limited discovery purposes with an action still pending in the district court. Such a result disserves the parties before a court, and does little to promote judicial economy, for it is hardly an onerous task to look into the record of a case and find out the limitations (or lack thereof) listed in a consolidation order." *Bergman v. City of Atlantic City, supra,* 860 F.2d at 566.

■ For the reasons stated above, we adopt the flexible case-by-case approach and consider the extent and purpose of the consolidation and the relationship of the consolidated actions to determine whether Rule 54(b) certification is required. In this case, there is no doubt that the trial court intended the consolidation of the actions to be for all purposes. In its order of consolidation, the trial court ordered that the Gissels' January 1990 appeal from the Board's decision "shall be dismissed as being consolidated into" their September 1989 action seeking injunctive relief. Only one order was entered dissolving the injunction and granting partial summary judgment. The action for injunctive relief and the appeal from the Board's decision are extremely interrelated because they both center on the Board's alleged lack of compliance with statutory procedures for discontinuing the township road. Under these circumstances we conclude that a Rule 54(b) certification is required to confer jurisdiction on this court.

The Gissels, in asserting that no Rule 54(b) certification is required in this case, rely on arguments that a majority of this court has rejected in the past. We have dismissed for lack of a Rule 54(b) order when the appeal was from an order granting a provisional remedy under § 28–27–02(3), N.D.C.C., for prejudgment possession of collateral [*see Massey–Ferguson Credit Corp. v. Bloomquist,* 444 N.W.2d 694 (N.D. 1989); *Sargent County Bank v. Wentworth,* 434 N.W.2d 562 (N.D. 1989)], which is the equivalent of a "pre-

trial injunction." *Harmon Motors v. First Nat'l Bank & Trust,* 436 N.W.2d 240, 242 (N.D.1989) [Meschke, J., concurring]. We have also noted that our decision in *Sheets v. Letnes, Marshall & Fiedler, Ltd., supra,* regarding the applicability of Rule 54(b) certification to orders that are appealable under § 28-27-02, is no longer controlling. *See Thompson v. Goetz,* 455 N.W.2d 580, 583 (N.D.1990).

This case is analogous to *Wells County Water Resource Dist. v. Solberg,* 434 N.W.2d 577 (N.D.1989). In that case we held that an order upholding the public necessity of taking flowage easements in a condemnation suit was not final or appealable absent a Rule 54(b) certification where the trial to determine compensation issues remained pending. The Gissels' arguments have not convinced us to overrule these precedents.

█ We likewise decline the Gissels' request to exercise our supervisory jurisdiction and consider the merits. *See Wells County Water Resource Dist. v. Solberg, supra,* 434 N.W.2d at 579, and cases discussed therein. This case presents no compelling circumstances for doing so. *Compare Vorachek v. Citizens State Bank of Lankin,* 461 N.W.2d 580, 584 (N.D.1990); *Thompson v. Goetz, supra,* 455 N.W.2d at 583. Nor do we perceive "unusual circumstances" [*United Hospital v. D'Annunzio,* 462 N.W.2d 652, 653 (N.D.1990)], that would justify employing the procedure adopted in *Courchene v. Delaney Distributors, Inc.,* 418 N.W.2d 781 (N.D.1988),

where we remanded the record for purposes of permitting the trial court to consider the propriety of issuing a Rule 54(b) order but retained jurisdiction in this court to consider the appeal if such an order were issued. Had a Rule 54(b) order been issued in this case it is possible that it would have been deemed improvidently granted. *See Massey–Ferguson Credit Corp. v. Bloomquist, supra,* 444 N.W.2d at 695 n. 3; *Club Broadway, Inc. v. Broadway Park,* 443 N.W.2d 919 (N.D.1989); *Peterson v. Zerr, supra.*

Because the jury trial on damages remains pending and there is no Rule 54(b) order certifying as final the trial court's order dissolving the injunction and determining that Kenmare Township complied with Chapter 24-07, N.D.C.C., that order is interlocutory and not appealable. As such, it is subject to revision at any time before entry of judgment adjudicating all claims and issues, and is reviewable on appeal from the final judgment. *Wells County Water Resource Dist. v. Solberg, supra.*

Accordingly, the appeal is dismissed.

VANDE WALLE, LEVINE, GIERKE and MESCHKE, JJ., concur.