**Erika BJORNSON, by and through her guardian and parent Jan BJORNSON, and Jan Bjornson, individually, Plaintiffs and Appellees,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Defendant and Appellant,**

and

**Farmers Insurance Exchange, Defendant.**

Civ. No. 930212.

Supreme Court of North Dakota.

Jan. 5, 1994.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiffs and appellees; argued by Timothy A. Priebe.

Howe, Hardy, Galloway & Maus, PC, Dickinson, for defendant and appellant; argued by Michael J. Maus.

NEUMANN, Justice.

Guaranty National Insurance Company (Guaranty) appealed from a district court judgment awarding damages to Erika Bjornson. We conclude that the trial court improvidently certified the judgment as final under Rule 54(b), N.D.R.Civ.P., and we dismiss the appeal.

Jeff Bjornson, Erika's father, was killed in an automobile accident in Arizona while he was riding in a car driven by Rodger Rosaaen. The liability insurer of Rosaaen's vehicle, Old Hickory Casualty Insurance Company, settled with three sets of claimants, paying them, collectively, the $30,000.00 liability limits under Rosaaen's policy. In that settlement Erika and Jan Bjornson, Erika's mother, each received $5,000.00.

At the time of the accident, Jeff had an automobile liability insurance policy with Guaranty and Jan had a policy with Farmers Insurance Exchange (Farmers). Jan and Erika sued Guaranty and Farmers seeking compensation under the Uninsured Motorist (UM) and Underinsured Motorist (UIM) provisions of those policies.

The trial court construed the UM and UIM provisions of Guaranty's liability policy and, based upon stipulated facts between Guaranty and Jan and Erika, awarded Erika $30,000.00 plus interest. Farmers refused to stipulate to the facts, and a trial is pending on Jan and Erika's claims for damages against Farmers. The trial court entered a Rule 54(b), N.D.R.Civ.P., certification, and Guaranty appealed.

Under Rule 54(b), N.D.R.Civ.P., a trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The burden is upon the party requesting Rule 54(b), N.D.R.Civ.P., certification to show extraordinary circumstances or that cognizable, unusual hardship to the litigants will arise if

resolution of the issues on appeal is deferred. *Slaubaugh v. Slaubaugh,* 499 N.W.2d 99 (N.D.1993); *Janavaras v. National Farmers Union Property,* 449 N.W.2d 578 (N.D.1989). We are not bound by the trial court's determination, but we *sua sponte* review the certification to determine if the trial court has abused its discretion. *Gissel v. Kenmare Township,* 479 N.W.2d 876 (N.D.1992).

No party requested Rule 54(b), N.D.R.Civ.P., certification. Upon construing the Guaranty insurance policy, the court entered that certification on its own initiative. In granting certification, the trial court merely stated that there was no reason for delaying entry of final judgment against Guaranty because "all claims against Guaranty have been disposed of, and said claims are independent from the remaining claims against Defendant Farmers." The parties conceded during oral argument that our determination of the issues raised on this appeal would impact Farmers' liability to Jan and Erika under its liability policy. However, Farmers is not a party to the partial judgment and is not represented in this appeal.

The trial court did not delineate any unusual or compelling circumstances in this case requiring judicial review before all claims are resolved against all parties. The parties did not present any evidence or argument to demonstrate that someone would suffer hardship or prejudice if early review is denied. Rule 54(b), N.D.R.Civ.P., was not adopted to authorize advisory opinions, *Gissel, supra,* 479 N.W.2d at 877, but to preserve our long-standing policy against piecemeal appeals. *Peterson v. Zerr,* 443 N.W.2d 293 (N.D.1989). Under these circumstances, we conclude that the trial court abused its discretion in granting the Rule 54(b), N.D.R.Civ.P., certification.

Accordingly, we dismiss the appeal.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.