Peter **SWENSON and Sally Swenson,**
**Plaintiffs and Appellants,**

v.

Jerry **RAUMIN and Roger Raumin, a co-partnership, doing business as Raumin Brothers, and doing business as MRTJ Potato Warehouse, Defendants and Appellees.**

Civ. No. 940036.

Supreme Court of North Dakota.

Aug. 24, 1994.

David Kessler, Grand Forks, for plaintiff and appellant; argued by Leo Patrick O'Day, Jr., Bismarck.

Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, for defendant and appellee; argued by Howard D. Swanson.

NEUMANN, Justice.

This is an appeal from a grant of partial summary judgment. We dismiss the appeal.

The plaintiffs in this action allege that Peter Swenson, age 55, was injured when he fell from a potato bin while attempting to close a bin door at the Raumin Brothers' potato warehouse where he was employed. Sally Swenson also alleges damages as a result of her husband's injuries.

Peter's job with Raumin Brothers appears to qualify under the farm worker's exemption of North Dakota's Workers' Compensation

Act. As a result, the parties' claims are based on both tort and contract law theories.

After Peter's initial hospitalization he individually signed a "Settlement and Full and Final Release of All Claims." This release was prompted by $2,400 offered him by George Loranger, an adjuster for Nodak Mutual Insurance Co. Peter's medical costs allegedly exceed $30,000 now. Peter requests rescission of the release because he signed the release while under the misconception that it was a settlement only for his accrued loss of work. Plaintiffs argue that this misconception is based partially on Peter's lack of education. Peter's formal schooling only extends through the sixth grade.

The Raumin Brothers moved for summary judgment. Peter and Sally responded to this motion with only one affidavit originating from Sally and reciting a portion of the facts surrounding this case. The trial court found that Peter failed to comply with the rules for rescission. Once the grounds for rescission became known, Peter's inaction destroyed his claim. The court then, on its own motion, granted Rule 54(b) Certification. This entry of final judgment against Peter apparently leaves Sally at the trial court level pursuing her consortium claim.[1]

Before passing on the validity of the trial court's conclusion, this court "will *sua sponte* review the court's certification to determine if the court has abused its discretion." *Union State Bank v. Woell*, 357 N.W.2d 234, 236 (N.D.1984). "Even if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that 'no just reason for delay exists.'" *Id.* This court has consistently stated that the purpose of Rule 54(b) is to avoid piecemeal appeals of multiclaim litigation and therefore places the burden on the party seeking immediate review to establish extraordinary circumstances or that unusual hardship would result in the absence of

1. We recognize that this court has not yet formally passed upon the independent nature of consortium claims, though such a conclusion is strongly suggested in *Meyer v. North Dakota Workers' Compensation Bureau*, 512 N.W.2d 680, 683 (N.D.1994). We have held, however, that loss of consortium claims must be joined with the underlying action absent a compelling reason why they should not be. *Butz v. World Wide Inc.*, 492 N.W.2d 88, 91 (N.D.1992). This issue was neither briefed nor argued and, therefore, is not considered here.

this review. *Imperial Oil of North Dakota, Inc. v. Hanson*, 510 N.W.2d 598, 601 (N.D. 1994). "Rule 54(b) certifications are not to be entered routinely or as a courtesy or accommodation to counsel." *Buurman v. Central Valley Sch. Dist.*, 371 N.W.2d 146, 149 (N.D.1985).

In its certification the "trial court did not delineate any unusual or compelling circumstances in this case requiring judicial review before all claims are resolved against all parties. The parties did not present any evidence or argument to demonstrate that someone would suffer hardship or prejudice if early review is denied." *Bjornson v. Guaranty Nat. Ins. Co.*, 510 N.W.2d 622, 624 (N.D.1994). The only perceivable harm would be that, in the event of reversal, a second trial may be necessary. When a trial court's interlocutory order is reversed on final appeal, and that reversal necessitates a second trial, the conservation of resources expended therein will not, on its own, be sufficient injury to prompt Rule 54(b) certification. *Imperial Oil of North Dakota, Inc.*, 510 N.W.2d at 601.

Neither the parties nor the judge identify any persuasive reasons supporting the Rule 54(b) certification. Therefore, the certification was improvidently granted.

The appeal is dismissed.

VANDE WALLE, C.J., and MESCHKE and SANDSTROM, JJ., concur.

LEVINE, Justice, dissenting.

In *Butz v. World Wide, Inc.*, 492 N.W.2d 88, 91 (N.D.1992), we proclaimed that "the best approach to loss of consortium claims in North Dakota" is to "require joinder when possible." Doubtless, that edict inspired the trial judge to certify an immediate appeal under Rule 54(b). I would consider the merits of this appeal. I, therefore, dissent.