2000 ND 210

**NODAK MUTUAL FARM BUREAU,**
Plaintiff and Appellee,

v.

**Jason KOSMATKA, Holly Anderson,
Nathan Lubarski, Defendants
and Appellees,**

and

**James E. Nelson, individually, and Kathleen F. Nelson, individually, and as the personal representative of the estate of Matthew E. Nelson, Defendants and Appellants,**

and

**Jason Kosmatka, Third–Party Plaintiff,**

v.

**Scott Johnson, Third–Party Defendant.**
**No. 20000213.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Paul R. Oppegard and Troy A. Wolf, Smith Bakke Hovland & Oppegard, Moorhead, MN, for plaintiff and appellee; submitted on brief.

Robert G. Hoy, Ohnstad Twichell, P.C., West Fargo, ND, for defendant and appellee and third-party plaintiff Jason Kosmatka. Jeffrey D. Pederson, Wadena, MN, for defendant and appellee Holly Anderson. Robert M. Albrecht, Brink, Sobolik, Severson, Malm & Albrecht, P.A., Hallock, MN, for defendant and appellee Nathan Lubarski. Submitted on brief.

H. Patrick Weir, Jr., Lee Hagen Law Office, Ltd., Fargo, ND, for defendants and appellants; submitted on brief.

SANDSTROM, Justice.

[¶ 1] James and Kathleen Nelson appeal from an East Central Judicial District Court order granting partial summary judgment determining the Nelsons were not allowed to receive funds interpleaded by Nodak Mutual Farm Bureau ("Nodak").[1] Concluding the district court improvidently granted certification under Rule 54(b), N.D.R.Civ.P., we dismiss the appeal.

I

[¶ 2] Jason Kosmatka, Nathan Lubarski, and Holly Anderson were passengers in a vehicle driven by Scott Johnson. Johnson's vehicle collided with a vehicle driven by James Nelson. Nelson's son, Matthew Nelson, a passenger in his father's vehicle, was killed. Kosmatka, Lubarski, and Anderson were injured. A jury awarded the Nelsons $610,000 plus $200,000 for the pain and suffering endured by Matthew Nelson before his death. Johnson was insured under a Nodak policy with bodily injury limits of $50,000 for "each person" and $100,000 for "each occurrence." Nodak paid the Nelsons $50,000 under the "per person" provision, and the Nelsons sought the remaining $50,000 "occurrence" limit. Due to the possible claims of Kosmatka, Lubarski, and Anderson, Nodak interpleaded the remaining $50,000 of John-

1. This Court previously addressed a different aspect of this case in *Nelson v. Johnson,* 1999 ND 171, 599 N.W.2d 246.

son's policy limits by depositing those funds with the district court.

[¶ 3] Kosmatka sought partial summary judgment to establish the Nelsons were not entitled to collect any of the deposited funds. The district court granted Kosmatka's motion for partial summary judgment and granted a request for Rule 54(b) certification allowing immediate appeal to this Court. The Nelsons have timely appealed. The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 4] If a trial court expressly determines there is no just reason for delay, Rule 54(b), N.D.R.Civ.P., allows entry of "final judgment adjudicating fewer than all claims or the rights and liabilities of fewer than all parties." *Gessner v. City of Minot,* 529 N.W.2d 868, 870 (N.D.1995). "We are not bound by a trial court's determination and we will review a 54(b) certification to determine if the court abused its discretion." *Id.* (citing *Janavaras v. Nat'l Farmers Union Prop. & Cas. Co.,* 449 N.W.2d 578, 580 (N.D.1989)).

## III

[¶ 5] Rule 54(b) certification is inappropriate when further developments in the trial court may make an issue moot. *Bulman v. Hulstrand Constr. Co., Inc.,* 503 N.W.2d 240, 242 (N.D.1993). Because of our policy against piecemeal appeals, a party seeking intermediate review has the burden of establishing an unusual hardship in order to obtain a Rule 54(b) certification. *Id.* at 241.

[¶ 6] Kosmatka moved for partial summary judgment and Rule 54(b) certification of final judgment. The district court's order granting partial summary judgment and Rule 54(b) certification states:

1. The Order for Partial Summary Judgment ... fully adjudicates all of the Nelsons' claims in this action. The Nelsons have a right, should they desire, to appeal this Court's Order.... Whether this Court grants Rule 54(b) Certification or not, the Nelsons' legal issue will reach the Supreme Court only once.
2. This Court's Order ... excluding the Nelsons from participation in a share of the deposited funds will directly affect the amounts distributed among the other three claimants. Adjudication of those claims without granting this Rule 54(b) Certification is not an economical use of judicial resources as those adjudications would be subject to reversal and readjudication should a post-trial appeal by the Nelsons be successful. This is an appropriate use of Rule 54(b) Certification.

## A

[¶ 7] A party seeking Rule 54(b) certification must establish extraordinary circumstances or, absent review, that unusual hardship would occur. *Swenson v. Raumin,* 520 N.W.2d 858, 859–60 (N.D. 1994). In seeking certification, Kosmatka argued in district court that "delay would simply add uncertainty to any apportionment of the proceeds among the remaining defendants." Further, Kosmatka argued the district court may have to revisit the apportionment if the Nelsons successfully appeal at the conclusion of the entire case. Finally, Kosmatka argued, "[t]he interests of sound judicial administration and judicial economy clearly favor the entry of a final Judgment on this issue at this time." Our review of the record and the briefs of the parties does not demonstrate extraordinary circumstances or that unusual hardship would occur in the absence of immediate review.

[¶ 8] Trial courts "must consider 'the strong policy against piecemeal appeals.'" *Bulman,* 503 N.W.2d at 241. Also, before all claims are resolved, trial courts must "delineate any unusual or compelling circumstances ... requiring judicial review." *Swenson,* 520 N.W.2d at 860. There exists no record evidence of hardship or prejudice if review is denied,

other than potentially lengthened proceedings in the district court or possible complication in distribution of funds between the parties. Absent evidence of hardship or prejudice, certification was improper.

[¶ 9] Likewise, Rule 54(b) certification is improper when the only perceivable harm is a second trial in the event of reversal. *Id.* (citations omitted). The district court concluded certification was required because the case "would be subject to reversal and readjudication should a post-trial appeal by the Nelsons be successful." While judicial economy in the district court might favor a decision by this Court, the possibility that an order of the district court may be appealed and reversed does not warrant a piecemeal appeal when no prejudice or hardship is shown.

B

[¶ 10] This Court is without authority to render advisory opinions, and "Rule 54(b) certification may not be used to circumvent that restriction." *Bulman,* 503 N.W.2d at 241 (citing *Janavaras,* 449 N.W.2d at 581). "We have said that 'the presence of a unique or complex controlling issue of law on appeal may be a relevant factor for consideration by the trial court.'" *Id.* (citation omitted). Here, the question of whether the Nelsons may share in the deposited funds is unique, and apparently one of first impression. However, if a trial of the claims below obviates the necessity for our review, our decision on the merits becomes purely advisory. *Id.* at 241–42.

[¶ 11] The Nelsons, who received one-half of the total available insurance proceeds, seek to satisfy a portion of their remaining judgment from the funds deposited with the district court. Apparently, Johnson is incapable of satisfying the Nelsons' judgment without the insurance. Three additional claimants are competing with the Nelsons for the insurance funds. The record before us does not indicate whether the three remaining claimants have tried their cases, nor does the record indicate the value of the remaining claims or whether they exceed the funds available. Thus, our decision here could become advisory.

[¶ 12] The district court is correct in stating the Nelsons' legal issue should reach this Court only once. However, because that appeal may not reach us at all, or if it does it may include additional issues not presently before the Court, immediate review is improper.

[¶ 13] Because further developments in the trial court may make this appeal moot, we conclude the district court abused its discretion in granting Rule 54(b) certification. *See Gessner v. City of Minot,* 529 N.W.2d 868 (N.D.1995); *Ingalls v. Glass Unlimited, Inc.,* 529 N.W.2d 872 (N.D. 1995); and *Bulman v. Hulstrand Constr. Co., Inc.,* 503 N.W.2d 240 (N.D.1993) (dismissing appeals because further developments at trial may render an appeal moot).

IV

[¶ 14] The appeal is dismissed.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.