2012 ND 100

**DOROTHY J. PIERCE FAMILY MINERAL TRUST, Plaintiff and Appellant,**

v.

**Richard D. JORGENSON and Brenda R. Jorgenson, Defendants and Appellees.**

No. 20110355.

Supreme Court of North Dakota.

May 17, 2012.

Michael J. Maus, Dickinson, N.D., for plaintiff and appellant.

Jordon Joseph Evert (argued) and Peter Haroldson Furuseth (on brief), Williston, N.D., for defendants and appellees.

CROTHERS, Justice.

[¶ 1] The Dorothy J. Pierce Family Mineral Trust ("the Trust") appeals from a judgment dismissing the Trust's claim against Richard and Brenda Jorgenson for reformation of two warranty deeds. Because the parties' claims to quiet title in the disputed mineral acres have not been fully adjudicated and no N.D.R.Civ.P. 54(b) certification appears in the record, we dismiss the appeal as premature.

I

[¶ 2] On March 21, 1984, Ethewin Wright, who owned the surface and mineral interests in certain Mountrail County property, entered into a contract for deed with the Jorgensons to sell them the property. The contract for deed reserved to Ethewin Wright "all" of the mineral interests in the property. After Ethewin Wright died, a personal representative's deed was executed on August 13, 1987, conveying her interests in the property to her children, Dorothy Pierce and LaRoy Wright, "SHARE AND SHARE ALIKE."

[¶ 3] The Jorgensons paid the final installment on the contract for deed to Pierce and LaRoy Wright in 1988. On October 31, 1988, Pierce and LaRoy Wright executed two separate and identical warranty deeds conveying the property to the Jorgensons and reserving "1/2 of all" of the mineral interests. LaRoy Wright's "undivided 1/2 interest" in the minerals was eventually conveyed to Pierce, who in 2008 executed a quitclaim mineral deed conveying her mineral interests to the Trust.

[¶ 4] In March 2010, the Trust brought this action against the Jorgensons seeking reformation of the two 1988 warranty deeds to conform with the 1984 contract for deed. The Trust also alleged the intent of the language used in the warranty deeds "was to reserve one-half of the minerals to [Pierce], and one-half of the minerals to [LaRoy Wright]" and requested that the court quiet title to the minerals in the Trust. In their answer, the Jorgensons denied that the mineral reservations were "inadvertently inserted" into the warranty deeds and requested that "[t]itle to the disputed minerals be quieted in" them. The Jorgensons moved for summary judgment, arguing the 1988 warranty deeds granted them "all of the mineral interests" in the subject property under the *Duhig* rule. *See Kadrmas v. Sauvageau*, 188 N.W.2d 753 (N.D.1971); *Duhig v. Peavy–Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940). The district court denied the motion, concluding the issue was "academic" because Pierce and LaRoy Wright were not parties to the lawsuit and the "actions of individuals who are not named parties cannot form the basis for the granting of summary judgment."

[¶ 5] The case proceeded to trial before the district court. In its post-trial brief, the Trust argued the 1988 warranty deeds should be reformed because of mutual mistake of the parties. The Trust also argued the Jorgensons' interpretation of the warranty deeds "is not consistent with application of the *Duhig* doctrine" and claimed "even if the deeds are not reformed, the correct interpretation of the mineral reservation is that the minerals were reserved by the sellers." In their post-trial brief, the Jorgensons argued the Trust had failed to establish that a mutual mistake had occurred to support reformation of the warranty deeds and contended "the Court should make a finding that the reservations contained in the Warranty Deeds are the reservations to be considered." The court found the Trust did not establish by clear and convincing evidence that a mutual mistake occurred to warrant reformation of the warranty deeds and dismissed the Trust's action. The court's findings, conclusions, order and judgment do not address the parties' arguments about application of the *Duhig* rule, do not indicate the extent of the parties' interests in the disputed mineral acres and do not quiet title in either party.

## II

[¶ 6] "The right to appeal is a jurisdictional matter and, even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if we conclude we do not have jurisdiction." *Brummund v. Brummund*, 2008 ND 224, ¶ 4, 758 N.W.2d 735. "Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable." *Id.* at ¶ 5. Rule 54(b), N.D.R.Civ.P., provides:

"If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

This Court has ruled the term "claims" as used in N.D.R.Civ.P. 54(b) includes "issues." *See, e.g., B.H. v. K.D.*, 506 N.W.2d 368, 372 n. 3 (N.D.1993); *Thompson v. Goetz*, 455 N.W.2d 580, 583 (N.D.1990). As we said in *Gissel v. Kenmare Twp.*, 463 N.W.2d 668, 670 (N.D.1990) (citations omitted):

"Under Rule 54(b), if some claims or issues ... remain unadjudicated, the trial court must certify that there is no just reason for delay and direct the entry of a final judgment for the order to be appealable. In the absence of a Rule 54(b) certification, we are without jurisdiction to consider the appeal."

[¶ 7] Here, although the district court dismissed the Trust's reformation claim, the court did not address the parties' arguments about the *Duhig* rule and the proper interpretation of the language in the 1988 warranty deeds. Nor did the court quiet title to the disputed mineral acres in either party. The judgment in this case is not a final adjudication of all of the rights of the parties to the action, and the court did not certify the "judgment" as final under N.D.R.Civ.P. 54(b). *See Choice Fin. Group v. Schellpfeffer*, 2005 ND 90, ¶ 9, 696 N.W.2d 504 (partial summary judgment not immediately appeal-

able and Rule 54(b) certification improvidently made).

■■■ [¶ 8] Moreover, a N.D.R.Civ.P. 54(b) certification would not be proper in this case. "Rule 54(b) certification is inappropriate when further developments in the trial court may make an issue moot." *Nodak Mut. Farm Bureau v. Kosmatka,* 2000 ND 210, ¶ 5, 619 N.W.2d 852. If the district court agrees with the Trust's interpretation of the language in the 1988 warranty deeds, the court's ruling on the invalidity of the reformation claim would be moot. "[W]e do not have authority to render advisory opinions, and the purpose of Rule 54(b) is to preserve our policy against piecemeal appeals." *Hurt v. Freeland,* 1997 ND 194, ¶ 6, 569 N.W.2d 266; *see also Hodny v. Hoyt,* 224 N.W.2d 826, 828–29 (N.D.1974). Because the parties' claims to quiet title in the disputed mineral acres have not been fully adjudicated, this Court lacks jurisdiction to consider the merits of the Trust's appeal.

### III

[¶ 9] The appeal is dismissed.

[¶ 10] DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring in part and dissenting in part.

[¶ 11] This matter has been labeled as a reformation action, and a quiet title action. To the extent it is simply an action to reform two warranty deeds, there are no other issues pending. However, I agree with the majority opinion that the parties through their pleadings and arguments to the trial court were seeking the relief of a quiet title action. I also agree with the majority opinion that if this is a quiet title action there are issues that have not been adjudicated. However, rather than dismiss the appeal, I would employ N.D.R.App.P. 35(a)(3):

If an issue or issues have not been tried or, if tried, not determined, the court may remand the case to the district court for a determination of the issue or issues, without relinquishing jurisdiction of the appeal. The court may defer determination of the appeal until the issue or issues have been determined and certified to the court by the district court. The proceedings and the determination of the district court are deemed to be part of the record on appeal.

[¶ 12] The rule permits, but does not require, a remand. It is discretionary with this Court and I believe a remand is the better procedure in this instance. The issue of reformation of the warranty deeds has been briefed and oral arguments have been heard on that issue. If we remand under Rule 35, it will not be necessary to file another appeal and again brief and argue to this Court the issues that have already been briefed and argued.

[¶ 13] I respectfully dissent from that part of the majority opinion which dismisses the appeal.

[¶ 14] MARY MUEHLEN MARING, J.