Filed 8/20/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 173

City of Mandan, a political 

subdivision of the State of 

North Dakota; and Interstate 

Engineering Inc., a North 

Dakota Corporation, Plaintiffs

v.

Strata Corporation and 

Liberty Mutual Life Insurance 

Company,   Defendants, Third-Party 

                                                                                                  Plaintiffs and Appellants

           v.

United Crane & Excavation, Inc.,                                                Third-Party Defendant

                                                                                                                     and Appellee

No. 20120006

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Gail H. Hagerty, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Ronald H. McLean (argued) and Peter W. Zuger (appeared), P.O. Box 6017, Fargo, N.D. 58108-6017, for defendants, third-party plaintiffs and appellants.

Scott M. Strand (argued) and Barton J. Cahill (on brief), P.O. Box 1238, Moorhead, MN 56561-1238, for third-party defendant and appellee.

City of Mandan v. Strata Corporation

No. 20120006

Crothers Justice.

[¶1] Strata Corporation and Liberty Mutual Fire Insurance Company appeal from a partial summary judgment dismissing Liberty Mutual’s subrogation claim against United Crane & Excavation, Inc., after the district court certified the partial summary judgment as final under N.D.R.Civ.P. 54(b).  Because this case does not represent the infrequent harsh case for immediate appeal and subsequent proceedings in the district court may moot the issue raised on appeal, the district court improvidently certified the partial summary judgment as final and we dismiss the appeal. 

I

[¶2] Strata was the general contractor and United Crane was a subcontractor for a street reconstruction project in Mandan.  During work on the project, heavy rains caused a sewer backup, damaging several homes in Mandan.  Under a funding agreement, Mandan, Interstate Engineering, Inc., Strata and United Crane paid the homeowners for their losses.  Mandan and Interstate Engineering sued Strata and its insurer, Liberty Mutual, to recover amounts paid under the funding agreement. Strata and Liberty Mutual brought a third-

party claim against United Crane for money Strata and Liberty Mutual paid for the homeowners’ losses.  Mandan and Interstate Engineering settled their claims against Strata and Liberty Mutual, and United Crane moved for summary judgment against Liberty Mutual.  

[¶3] The district court decided United Crane was an insured under Strata’s insurance policy with Liberty Mutual because that policy defined an insured as any organization to whom Strata was obligated by written agreement to procure additional insured coverage and because Strata’s contract with Mandan required Strata to purchase and maintain liability insurance for both Strata and its subcontractors. The court granted United Crane summary judgment, ruling United Crane was an insured under Strata’s policy with Liberty Mutual and Liberty Mutual was not entitled to subrogation from an insured.  The court dismissed Liberty Mutual’s subrogation claim but did not decide Strata’s claim against United Crane for $5,000, which represented the amount Strata was required to pay for its deductible under its policy with Liberty Mutual.  The court decided “no just reason for delaying the entry of judgment” existed and granted a motion by Strata and Liberty Mutual to certify the partial summary judgment as final under N.D.R.Civ.P. 54(b).  

II

[¶4] Strata and Liberty Mutual argue the district court properly certified the partial summary judgment as final under N.D.R.Civ.P. 54(b).  They argue certification was appropriate because the issue about the subrogation claim is a unique, complex and controlling issue of law and the parties otherwise would have to proceed to a jury trial on the $5,000 claim before that issue could be reviewed.  United Crane responds the court improvidently certified the partial summary judgment because future district court proceedings may moot the issues raised for appellate review.  

[¶5] “Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable.”  
Brummund v. Brummund
, 2008 ND 224,   5, 758 N.W.2d 735.  Rule 54(b), N.D.R.Civ.P., preserves this Court’s long-standing policy against piecemeal appeals in actions involving multiple claims or parties and authorizes a district court to expressly direct entry of a final judgment adjudicating fewer than all of the claims if the court expressly determines no just reason for delay exists:

“If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties’ rights and liabilities.”

N.D.R.Civ.P. 54(b). 

[¶6] We are not bound by a district court’s Rule 54(b) certification, and we review the court’s decision under the abuse-of-discretion standard.  
Citizens State Bank v. Symington
, 2010 ND 56, ¶ 8, 780 N.W.2d 676; 
Brummund
, 2008 ND 224, ¶ 5, 758 N.W.2d 735; 
Choice Fin. Group v. Schellpfeffer
, 2005 ND 90, ¶ 7, 696 N.W.2d 504.  “A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.”  
Citizens State Bank
, at ¶ 8.

[¶7] In rendering a Rule 54(b) certification, a “district court’s discretion must be measured against the ‘interest of sound judicial administration.’” 
Citizens State Bank
, 2010 ND 56, ¶ 9, 780 N.W.2d 676 (quoting 
Hansen v. Scott
, 2002 ND 101, ¶ 9, 645 N.W.2d 223).  A Rule 54(b) certification should not be routinely granted and is reserved for the infrequent harsh case involving unusual circumstances where failure to allow immediate appellate review would create a demonstrated prejudice or hardship.  
Brummund
, 2008 ND 224, ¶ 6, 758 N.W.2d 735.  “A common thread in our cases reviewing Rule 54(b) certifications is our strong policy against piecemeal appeals, and our aversion to rendering advisory opinions in cases where future developments in the trial court may moot the issues raised for appellate review.”  
Citizens State Bank
, at ¶ 13 (quoting 
Hansen
, at ¶ 10).  

[¶8] Here, the district court’s rationale for the Rule 54(b) certification is sparse and conclusory.  Strata and Liberty Mutual’s arguments on their motion for certification claimed the matter involved an unsettled, complex and unique issue regarding the anti-

subrogation rule and economic impracticalities exist in requiring a jury trial on the pending $5,000 deductible claim to procure review of the claim for subrogation.  United Crane resisted the motion for certification, arguing the issue could be mooted by a jury trial on Strata’s claim for the $5,000 deductible against United Crane.  The arguments for immediate review based on unusual or compelling circumstances justifying certification under Rule 54(b) jurisprudence are unconvincing in view of the potential for mootness on the subrogation claim.  Although the issues about the subrogation claim may be unique and complex, we have said that “Rule 54(b) certification is inappropriate when further developments in the trial court may make an issue moot.”  
Dorothy J. Pierce Family Mineral Trust v. Jorgenson
, 2012 ND 100,   8, 816 N.W.2d 779 (quoting 
Nodak Mut. Farm Bureau v. Kosmatka
, 2000 ND 210,    5, 619 N.W.2d 852).  Here, if the trier of fact finds United Crane is not liable to Strata for the $5,000 deductible under Strata’s insurance policy with Liberty Mutual, the subrogation issue would be moot.  “[W]e do not have authority to render advisory opinions, and the purpose of Rule 54(b) is to preserve our policy against piecemeal appeals.”  
Dorothy J. Pierce Family Mineral Trust
,  at ¶ 8 (quoting 
Hurt v. Freeland
, 1997 ND 194,   6, 569 N.W.2d 266).  Because the remaining proceedings in the district court may moot the issue raised in this appeal, the Rule 54(b) certification was improvidently granted.     

III

[¶9] Strata and Liberty Mutual argue even if the Rule 54(b) certification was improvidently granted, this Court nevertheless should exercise its supervisory jurisdiction to decide the issues raised by the partial summary judgment.

[¶10] “We exercise our supervisory jurisdiction rarely and cautiously to rectify errors or prevent injustice in extraordinary cases when no other adequate alternative remedy exists.” 
Mitchell v. Sanborn
, 536 N.W.2d 678, 683 (N.D. 1995); 
Dimond v. State ex rel. State Bd. of Higher Educ.
, 1999 ND 228, ¶ 19, 603 N.W.2d. 66.  Our authority to exercise  supervisory jurisdiction “is discretionary [and] cannot be invoked as a matter of right.” 
Dimond
, at ¶ 19.  We have said supervisory jurisdiction may be appropriate if a district court’s decision contradicts North Dakota statutes and precedent, 
id.
 at ¶ 19, or if the case embodies important public and private interests in the exclusive remedy provisions of workers compensation law.  
Mitchell
, at 683.  This case involves a subrogation claim between private parties and does not involve public interests.  
See
 
id.
  North Dakota precedent on this issue is not established, 
see
 
Dimond
, at ¶ 19, and we decline the invitation by Strata and Liberty Mutual to exercise our supervisory jurisdiction in a case that may be rendered moot by proceedings in the district court.  We decline to exercise our supervisory jurisdiction to decide the issues raised in this appeal.

IV

[¶11] We dismiss the appeal.

[¶12] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Everett Nels Olson, S.J.

Gerald W. VandeWalle, C.J.

[¶13] The Honorable Everett Nels Olson, S.J., sitting in place of Sandstrom J., disqualified.