**CLUB BROADWAY, INC., and Mark Kiefer, Plaintiffs, Appellants, and Cross–Appellees,**

**v.**

**BROADWAY PARK, a limited partnership, Broadway Park Corporation, a General Partner, Broadway Sports, Inc., Charles Knapp, David Kane, John Redlinger, Jay Braaten, and Gene Snowberg, Defendants,**

**and**

**Calvin Fercho and Scott Fridlund, Defendants, Appellees, and Cross–Appellants.**

**Civ. No. 880342.**

Supreme Court of North Dakota.

July 18, 1989.

Monty G. Mertz of Mertz Law Office, Fargo, for plaintiffs, appellants, and cross-appellees.

Daniel J. Crothers of Nilles, Hansen & Davies, Ltd., Fargo, for defendant, appellee, and cross-appellant, Calvin Fercho.

Michael D. McNair of Lamb, McNair, Larson & Carlson, Ltd., Fargo, for defendant, appellee, and cross-appellant Scott Fridlund.

VANDE WALLE, Justice.

Mark Kiefer and Club Broadway, Inc., appealed from a summary judgment dismissing from this lawsuit Calvin Fercho and Scott Fridlund, two of ten defendants in the action. Because we conclude that the trial court improvidently granted the Rule 54(b), N.D.R.Civ.P., order certifying this judgment as final, we dismiss the appeal.

Mark Kiefer and Club Broadway, Inc., brought this action against Broadway Park, a limited partnership; Broadway Park Corporation, the general partner; Broadway Sports, Inc.; Calvin Fercho; Scott Fridlund; Charles Knapp; David Kane; John Redlinger; Jay Braaten; and Gene Snowberg. Kiefer is the sole officer, director, and shareholder of Club Broadway, Inc., which formerly operated a health club in Fargo known as Club Broadway. Defendant Broadway Park Limited Partnership owns the buildings in which the health club was located. Defendant Broadway Park Corporation is the corporate general partner of Broadway Park Limited Partnership. Defendants Fercho, Fridlund, Knapp, and Kane are partners and officers in Broadway Park Limited Partnership and Broadway Park Corporation. Defendants Redlinger, Braaten, and Snowberg are former employees of Club Broadway, Inc., who now operate defendant Broadway Sports, Inc., which currently runs the health club.

Kiefer and Club Broadway, Inc., alleged, in part, that the defendants, "acting in concert," obtained the plaintiffs' property through fraud and deceit; converted the plaintiffs' membership list and accounts receivable; and wrongfully and intentionally interfered with the plaintiffs' contractual relationships with their club members. The plaintiffs also alleged that defendants Fridlund, Knapp, Kane, and Broadway Park Limited Partnership intentionally and wrongfully interfered with their contractual relationships with their employees, including defendants Redlinger, Braaten, and Snowberg. The plaintiffs sought damages for loss of the membership list and goodwill, and for lost profits, accounts receivable, and cash.

Defendants Fercho and Fridlund moved for summary judgment. The trial court determined that there was no genuine issue as to any material fact with regard to Fercho and Fridlund and dismissed them from the action. Kiefer and Club Broadway, Inc., sought a Rule 54(b), N.D.R. Civ.P., order certifying the summary judgment as final. Fercho and Fridlund opposed the motion. The trial court determined that there was no just reason for delay and granted the Rule 54(b) certification, reasoning:

"The Court has dismissed two of the individual Defendants from this action by granting their Motions for Summary Judgment. If the parties proceed to trial without Defendants Fercho and Fridlund, the Plaintiffs would be forced to appeal the dismissal of them from the suit after

the conclusion of the trial. If Plaintiffs are successful in bringing Fercho and Fridlund back into the case, a second trial would be necessary. The need for review will not be mooted by future District Court action; because there are specific allegations against Fercho and Fridlund individually, which will not be disposed of by trial of the allegations against the other Defendants. The Supreme Court will not be obliged to consider the same issue a second time, because the propriety of the dismissal of Fercho and Fridlund by Summary Judgment is the issue to be determined, and will be finally determined by an immediate appeal. If the Supreme Court finds that Summary Judgment was not appropriate, then Fercho and Fridlund must proceed to trial on the merits of the case. There are no claims or counter-claims which could result in a set off against the judgment Plaintiffs seek to be made final. And, finally, any prejudice to any of the parties will be removed by an order staying all proceedings in the action pending the outcome of the appeal of the judgment sought to be made final. Obtaining a final resolution of whether Fercho and Fridlund should be defendants in the case will prevent duplication of discovery and a second trial. Therefore, it is in the best interests of all parties and judicial economy to allow an appeal at this time."

Fercho and Fridlund assert on their cross-appeals that the trial court abused its discretion in granting the Rule 54(b) certification. We agree.

Recently, in *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989), we concluded that the trial court had improvidently granted a Rule 54(b) order certifying as final a summary judgment dismissing one of two defendants from a tort action. In that case, we analyzed several of the factors set forth in *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984),[1] and rejected as insufficient many of the same reasons given by this trial court to justify certification. We held that, because it can always be said that a second trial may be required if a district court is ultimately reversed on issues which were decided before trial on summary judgment, the hope or belief that immediate appellate review might avoid the possibility of two trials in the district court is not, absent unusual and compelling circumstances, a sufficient reason for granting a Rule 54(b) certification. We stressed that in a multiple-party situation where the complaint is dismissed as to fewer than all of the defendants, the court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated against the undismissed defendants. We further noted that where fewer than all of the defendants in a multiple-party case are dismissed from the lawsuit, Rule 54(b) orders are more difficult to justify because the range of appropriate considerations for granting a certification is narrowed.

*Peterson v. Zerr* reaffirmed our view that Rule 54(b) certifications should be reserved for the "infrequent harsh case." See also, *Union State Bank v. Woell, supra*, 357 N.W.2d at 237 n. 4. More is required to justify a Rule 54(b) certification than a mere recitation of generic circumstances applicable to every attempted appeal from an otherwise interlocutory judgment.

---

1. In *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984), we said:

"'In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counter-claim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).'" [Quoting *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975)].

■ In this case, it is apparent that the majority of the adjudicated claims against Fercho and Fridlund are related both factually and legally to the unadjudicated claims pending against the remaining eight defendants. Although there are some allegations against Fercho and Fridlund individually, Kiefer and Club Broadway, Inc., also allege that all defendants acted "in concert" with regard to several of their claims for relief. All of the defendants were associated with the property on which Club Broadway was located. Defendant Broadway Park Limited Partnership owns the property. Defendants Fercho, Fridlund, Knapp, and Kane were limited partners in that partnership as well as officers and directors of the corporate general partner, defendant Broadway Park Corporation. Defendants Redlinger, Braaten, and Snowberg were officers and employees of Club Broadway, Inc., which originally operated the health club. These three later incorporated and worked for defendant Broadway Sports, Inc., which presently operates the health club. The defendants and their alleged conduct are so intertwined and interrelated that we will surely be required to review the same factual situation again if another appeal is brought after the district court renders its decision as to the remaining parties. Under these circumstances, not only is certification an uneconomical use of judicial resources, but "possibilities abound that the remaining defendants, by virtue of their lack of opportunity to participate, will be prejudiced by the decision on the certified appeal, and that the facts ultimately adduced at trial of the remaining defendants could undermine the soundness of the decision on the certified appeal." *Peterson v. Zerr, supra,* 443 N.W.2d at 298.

■ The trial court determined that the need for review will not be mooted by future district court action, that we will not be required to consider the same issues a second time, and that there are no claims or counterclaims which could result in a setoff against the judgment. However, even assuming that these determinations are correct, they do not in themselves suggest a pressing need for immediate appellate review. See *Peterson v. Zerr, supra.* The trial court's attempt to prevent duplication of discovery and the possibility of a second trial is not alone sufficient reason to certify because these concerns are always present in an interlocutory appeal. See *Peterson v. Zerr, supra.*

In this case, as in *Peterson v. Zerr, supra,* 443 N.W.2d at 299, what is missing "is a showing of any out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues on this appeal is deferred." Nothing has been brought to our attention which sets this case apart from others as an "infrequent harsh case," and we will not assume that such circumstances or hardships exist from a silent record.

We conclude that the trial court abused its discretion in granting the Rule 54(b) certification in this case. Accordingly, we dismiss the appeal.[2] Costs on appeal are assessed against Club Broadway, Inc., and Kiefer.

ERICKSTAD, C.J., and GIERKE and LEVINE, JJ., concur.

MESCHKE, Justice, dissenting.

I respectfully dissent for the reasons given in my dissent to *Peterson v. Zerr, supra.*

Again, the majority opinion views this litigation from the incomplete perspective of an appendix on a fragment of the proceeding below. The majority again picks

---

**2.** Because we have concluded that the Rule 54(b) certification was improvidently granted, the summary judgment at issue is not a final judgment and is subject to revision at any time before the entry of judgment adjudicating all the claims against all the parties. See *Williams* *Co. v. Hamilton,* 427 N.W.2d 822 (N.D.1988) [On Petition for Rehearing]. The plaintiffs may move to reconsider the summary judgment dismissing Fercho and Fridlund from the action and, if unsuccessful, may raise the present issues on appeal from a final judgment.

apart the trial court's reasons and fells each one "standing alone." For example, the trial court determined that "there are specific allegations against Fercho and Fridlund individually, which will not be disposed of by trial ... against the other Defendants." The majority reweighs this determination, emphasizing pleadings about "in concert" action by multiple defendants, and substitutes its own mechanistic analysis. "[F]actually and legally" related claims are thought to be so "intertwined and interrelated" that "we will surely be required to review the same factual situation again ...", as if our appellate workload was the only important factor in judicial efficiency. Unless the trial court takes the broad hint in footnote 2 of the majority opinion, gives way, and holds a single trial even if there are separable issues, the burden on the plaintiffs to undergo two difficult trials on the same subject is left out of mind.

Again, plaintiffs cannot use Rule 54(b) because they do not have any "cognizable, unusual hardships" qualifying for the "infrequent harsh case" envisioned by the majority as the extreme factor for Rule 54(b) judge-made finality. The majority again perverts Rule 54(b) with a peevish response to the "hydraulic-like pressure" of too many appeals, too poorly submitted.

Rule 54(b) does not include the vague and uncertain standard used by the majority. Rather, 54(b) was deliberately designed for certainty and clarity. "Ordinarily litigants should be able to rely on the express action of the trial court creating a final and appealable judgment. *See* 6 Moore's Federal Practice ¶ 54.04[3–5], footnote 4." *Peterson v. Zerr, supra,* at 304 (Justice Meschke, concurring and dissenting). While "[f]or procedure generally, certainty is more important than correctness," [*Regstad v. Steffes,* 433 N.W.2d 202, 205 (N.D.1988) (Justice Meschke, concurring)], even certainty is now gone.

Caprice has replaced certainty. A bright line has become a twilight zone.