Curtis and Joan GISSEL, Plaintiffs,
Appellants and Cross–Appellees,

v.

KENMARE TOWNSHIP, Defendant
and Appellee.

Curtis and Joan GISSEL, Plaintiffs,
Appellants and Cross–Appellees,

v.

KENMARE TOWNSHIP, Defendant
and Appellee

Minot Paving Company, Inc., Defendant,

and

Kenmare Municipal Airport Authority,
Defendant, Appellee and Cross–
Appellant.

Civ. Nos. 910355, 910356 and 910365.

Supreme Court of North Dakota.

Feb. 7, 1992.

Robert S. Rau of Bosard, McCutcheon &
Rau, Ltd., Minot, for plaintiffs, appellants
and cross-appellees.

Robert A. Wheeler of McGee, Hankla,
Backes & Wheeler, Ltd., Minot, for defendant, appellee and cross-appellant.

VANDE WALLE, Justice.

Curtis and Joan Gissel appealed from a
partial summary judgment in their consolidated lawsuits against Kenmare Township,
the Kenmare Municipal Airport Authority,
and Minot Paving Company, Inc., the Authority's contractor. The Authority appealed from an order assessing interim attorney's fees against it. Because we conclude
that the trial court improvidently granted
the Rule 54(b), N.D.R.Civ.P., order certifying this judgment as final, we dismiss the
appeal.

As part of its plans to extend its runway,
the Kenmare Municipal Airport Authority
acquired through eminent domain proceedings Kenmare Township's right-of-way to a
section line road which passed between
property owned by the Authority and the
Gissels. See NDCC § 32–15–04(3). After
entry of the judgment against Kenmare
Township, the Gissels sought and obtained
an injunction against the closing of the

road by the Authority or the Township. The Township eventually closed the road under Chapter 24–07, NDCC, and Gissels appealed. The district court subsequently dissolved the injunction, declared proper the Township's closing of the road and ordered a jury trial on the issue of damages. *See* NDCC §§ 24–07–16; 24–07–27. The content and development of these lawsuits is further detailed in *Gissel v. Kenmare Township*, 463 N.W.2d 668 (N.D. 1990) [*Gissel I*]. In *Gissel I* we dismissed the appeal from various district court orders because there was no Rule 54(b), N.D.R.Civ.P., order and we concluded that the orders were interlocutory and not appealable.

After we dismissed the appeal, the parties filed cross-motions for the reconsideration of various orders entered by the district court. The Gissels asked the court to reconsider its May 29, 1990, order withdrawing an injunction against Kenmare Township's closing of the road, dismissing the appeal of the Gissels from the Township's order discontinuing the road, and concluding that the issue of damages remained to be tried to a jury. Kenmare Municipal Airport Authority asked the court to reconsider its order awarding attorney's fees to Gissels. The district court heard arguments from the parties and denied the motions to reconsider. The court also determined that there was no just reason for delay and directed that its order denying the motions was to be entered as a final judgment pursuant to Rule 54(b). Neither party requested this certification.

■ A certification under Rule 54(b) does not end our inquiry on appealability of orders. Although neither party directly raised the issue on appeal, we are not bound by the district court's determination and will make our own review to determine whether the district court abused its discretion in making the certification. *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989).

■ In reviewing a court's discretionary grant of a Rule 54(b) certification, we review a number of recognized factors.[1] The purpose of the review is to determine whether the case presents an "infrequent harsh case" warranting the extraordinary remedy of an otherwise interlocutory appeal. *See Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919 (N.D.1989); *Ceartin v. Ochs*, 479 N.W.2d 863 (N.D. 1992). When a trial court's interlocutory order is reversed after a final judgment, a second trial may be necessary; saving the trial court and parties the time and expense of a second trial is not alone sufficient to justify a determination that a Rule 54(b) certification should be entered. *Herzog v. Yuill*, 399 N.W.2d 287, 288 n. 1 (N.D.1987). Nor does the rule provide a means to circumvent our lack of authority to render advisory opinions. *Janavaras v. National Farmers Union Prop. & Cas. Co.*, 449 N.W.2d 578 (N.D.1989). Rather, Rule 54(b) should be construed to preserve our longstanding policy against piecemeal appeals. *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).

> "We recognize[ ] that the purpose of the Rule is to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which can accompany piecemeal review, and that therefore certification should not be entered routinely or as a courtesy or accommodation to counsel. Thus, the trial court is to weigh the policy against

---

1. In *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984), we said:

> "In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counter-

claim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)."

[Quoting *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975) ].

piecemeal appeals with whatever exigencies the case may present, and the burden is on the proponent to establish prejudice and hardship which would result if certification were denied."

*Peterson,* 443 N.W.2d at 297.

The parties did not ask the court for a 54(b) certification. Not surprisingly, therefore, this record evidences no attempt by either party to demonstrate that this case presents "any out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues on this appeal [are] deferred." *Peterson,* 443 N.W.2d at 299. Nor did the district court make any finding of hardship or offer any discussion evaluating the factors relevant to the requisite finding of hardship.

On this record we conclude that the district court abused its discretion in granting the Rule 54(b) certification and, accordingly, the appeal is dismissed.

ERICKSTAD, C.J., and LEVINE and MESCHKE, BACKES, District Judge, concur.

BACKES, D.J., sitting with the Court due to the resignation, effective November 20, 1991, of the Honorable H.F. Gierke III.