**IMPERIAL OIL OF NORTH DAKOTA, INC., Plaintiff and Appellee,**

v.

**Robert E. HANSON and Investors Oil, Inc., Defendants and Appellants.**

**Civ. No. 930142.**

Supreme Court of North Dakota.

Jan. 5, 1994.

Winkjer, McKennett, Stenehjem, Reierson & Forsberg, Williston, for plaintiff and appellee; argued by Kent A. Reierson.

Zuger, Kirmis & Smith, Bismarck, for defendants and appellants; argued by Lawrence E. King.

MESCHKE, Justice.

Robert E. Hanson and Investors Oil, Inc. appeal from a partial judgment granting Imperial Oil, Inc. a change of venue and denying Hanson's motion to dismiss for lack of jurisdiction. We dismiss the appeal for an improvidently granted N.D.R.Civ.P. 54(b) certification.

Imperial and Hanson each own half of an oil and gas well in Divide County. On September 14, 1990, Imperial filed an oil and gas well lien against Hanson's interest for his share of the well's operating expenses. Imperial sued Hanson and a corporation related to him, Investors Oil, Inc., on September 8, 1992 by serving the summons and complaint on Hanson. The complaint seeks to obtain a personal judgment against Hanson for his share of operating expenses, to enforce and foreclose the lien on the oil well, and to obtain payment from Hanson's share of royalties held by the oil purchaser. The captions of Imperial's summons and complaint identify Williams County as the venue of this suit.

On October 15, 1992, Hanson filed an answer and counterclaim in Williams County, alleging that Imperial's suit was improperly venued because the lien foreclosure must be venued in Divide County where the oil well is located. *See* NDCC 28–04–01. Hanson's counterclaim seeks dismissal of the personal claim, a declaration that the lien is void, and damages for Hanson's inability to sell his well interest while subject to the lien. Hanson also moved to dismiss Imperial's suit for improper venue.

On October 21, 1992, Imperial filed the same complaint, captioned "Williams County," in Divide County. The next day, Imperial served a similar complaint, seeking additional damages, on Hanson that was properly captioned and later filed in Divide County.

Imperial resisted Hanson's motion to dismiss the Williams County suit and instead moved to change the venue to Divide County. At a hearing on the motions, Hanson argued that the Williams County court had no jurisdiction over an improperly venued suit to foreclose on realty, citing *Johnson v. Johnson*, 86 N.W.2d 647 (N.D.1957). The trial court denied Hanson's motion to dismiss, finding that Imperial had intended to sue in Divide County, and that a scrivener's error put the Williams County venue in the captions. The court changed venue to Divide County and ordered the clerk to transfer the file there.

Hanson sought a Rule 54(b) certification for the order denying his motion to dismiss for lack of jurisdiction and granting the change in venue. The trial court certified no just reason for delay and ordered entry of a

partial "final" judgment changing venue. Hanson appeals.

Hanson argues that jurisdiction attaches when a summons is served "in the manner prescribed by law," and that the "actual filing of the summons or complaint with the court does not invoke the court's jurisdiction over the action," quoting *United Accounts v. Teladvantage, Inc.*, 499 N.W.2d 115, 117–18 (N.D.1993). *See* N.D.R.Civ.P. 3. Since Williams County was not a proper venue for Imperial's lien foreclosure, Hanson asserts, the summons with the "Williams County" caption was not served in the manner prescribed by law. Therefore, Hanson urges, the Williams County court had no jurisdiction to change the foreclosure venue to Divide County. Hanson also argues that the venue change will deprive him of his defense under NDCC 35–24–14 that the two-year statute of limitations barred the lien foreclosure before the action was properly begun.

Imperial responds that the change of venue merely corrected a scrivener's error in the original caption. Even if the Williams County court had no jurisdiction of a Divide County foreclosure, Imperial argues that dismissal would not have been correct because Imperial's suit also seeks to enforce a personal debt against Hanson, a non-resident of this state. Because the Williams County court at least had jurisdiction of this personal claim, Imperial urges that the court had power to change the venue.

Hanson questions the power of a trial court to allow amendment of a summons and to change an improper venue. *See* N.D.R.Civ.P. 4(g) (". . . the court, in its discretion, may allow any process or proof of service thereof to be amended. . . ."); *Cahoon v. North Dakota Workers Compensation Bureau*, 482 N.W.2d 865 (N.D.1992) (court has jurisdiction to correct inaccurate proof of service). And, *see* NDCC 28–04–07(1) (court may change venue when county designated in the complaint is not proper one); *Slaubaugh v. Slaubaugh*, 499 N.W.2d 99, 105–06 (N.D.1993) (change of venue not challengeable on jurisdictional grounds); *Hayden v. North Dakota Workers Compensation Bureau*, 447 N.W.2d 489 (N.D.1989) (court may change venue of administrative

appeal to proper county); Annotation, *Venue of action relating to real property as affected by joining cause of action or prayer for personal relief*, 120 A.L.R. 790 (1939). We do not answer Hanson's questions. We conclude, rather, that the trial court erroneously exercised its discretion in entering a Rule 54(b) certification and partial "final" judgment to permit this intermediate appeal.

Under our recent framework for appeals, we have sometimes allowed an appeal of an order changing venue with a Rule 54(b) certification. *Slaubaugh v. Slaubaugh*, 499 N.W.2d at 104 (appealable only if unusual and compelling circumstances); *Jerry Harmon Motors, Inc. v. First National Bank and Trust Co.*, 436 N.W.2d 240, 241 (N.D. 1989). *Compare Nesvig v. Anderson Brothers Construction Co.*, 490 N.W.2d 478, 480 (N.D.1992). But, as *Nesvig* cautions, 490 N.W.2d at 480 n. 2, the interaction of our appellate rules with N.D.R.Civ.P. 54(b) is still developing. We have recently confirmed that, without hardship or unusual prejudice, a Rule 54(b) certification of an order changing venue is improvident. *Copenhaver v. Geier*, 508 N.W.2d 877 (N.D.1993). *Copenhaver* confirms that Rule 54(b) is intended to let the trial court direct entry of a partial final judgment for a claim "only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment," and only when there is hardship or unusual prejudice.

The trial court here determined that there was no just reason for delay and issued a partial "final" judgment for an intermediate order changing venue, not for a judgment as to "one or more but fewer than all of the claims" that Rule 54(b) contemplates. However, "we are not bound by the trial court's determination and will review the certification to determine if the court abused its discretion." *Bulman v. Hulstrand Construction Co., Inc.*, 503 N.W.2d 240, 241 (N.D. 1993). We conclude that the trial court erroneously exercised its discretion by certifying a clearly intermediate order for immediate appeal, and we hold that the Rule 54(b) certification was improvidently granted.

The question of the court's power to grant Imperial a change of venue may

disappear during further proceedings in the trial court. As we held in *Bulman*, 503 N.W.2d at 242, a Rule 54(b) certification is inconsistent with the exercise of sound discretion where the need for immediate review may be avoided by further developments in the trial court. "The purpose of our review [of a 54(b) certification] is to determine whether the case presents an infrequent harsh case warranting the extraordinary remedy of an otherwise interlocutory appeal." *Bulman*, 503 N.W.2d at 241 (citations omitted). In light of our policy against piecemeal appeals, we place the burden on the party seeking intermediate review to establish an unusual hardship to obtain a Rule 54(b) certification. *Id.* Hanson has not carried this burden.

 The only hardship to Hanson from waiting until final judgment for review of the change of venue is that he may have to litigate a claim that will be thrown out on appeal. This is a risk common to much litigation. Even a jurisdictional reason does not normally warrant an intermediate appeal. *Blue Arm v. Volk*, 254 N.W.2d 427 (N.D. 1977) (order denying motion to dismiss for improper service and lack of jurisdiction not appealable before final judgment); *Security National Bank v. Bothne*, 56 N.D. 269, 217 N.W. 148 (1927) (order denying motion to dismiss for lack of jurisdiction not immediately appealable). The hardship that Hanson asserts is not unusual and does not outweigh our policy against piecemeal appeals.

In granting this Rule 54(b) certification, the trial court ruled that the question of jurisdiction over the lien foreclosure is "crucial" because it may eliminate one claim for relief from the case. The possibility that a second trial may be avoided has not been a sufficient reason for granting a Rule 54(b) certification, absent unusual and compelling circumstances. *Janavaras v. National Farmers Union Property and Casualty Co.*, 449 N.W.2d 578, 580 (N.D.1989). For the same reason, the possibility that the length of the trial may be reduced is not sufficient absent unusual circumstances.

The trial court viewed the question of jurisdiction in this case as a unique and controlling issue of law. In *Bulman*, 503 N.W.2d at 240, the unique nature of the question was outweighed by the possibility that an appellate decision would be rendered unnecessary after trial. That is true here, too.

The validity of the oil well lien is contested. Should Hanson prevail at trial, our opinion on the question of jurisdiction to foreclose the lien would be advisory and without consequence. Should Hanson lose, he can carry on his challenge to the court's jurisdiction in the appeal from the final judgment. The effect of a trial on Hanson is not unusual enough to justify a Rule 54(b) certification of an intermediate order.

The trial court erroneously exercised its discretion in making a Rule 54(b) certification and entering a partial "final" judgment for the intermediate order changing venue. We dismiss this appeal for an improvidently granted Rule 54(b) certification.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.