**Norma Charlene GESSNER, Plaintiff and Appellant,**

v.

**CITY OF MINOT, a Municipal Corporation, and Ward County Water Management District, Defendants and Appellees.**

Civ. No. 940365.

Supreme Court of North Dakota.

March 16, 1995.

Moody M. Farhart, of Farhart, Lian, Maxson, Louser & Zent, Minot, for plaintiff and appellant.

Richard H. McGee II, of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant and appellee City of Minot, and Gary H. Lee, of Olson Burns Lee & Larson, Minot, for defendant and appellee Ward County Water Management Dist.

SANDSTROM, Justice.

Norma Charlene Gessner appealed from the trial court's dismissal of one of the defendants in this case. We conclude the trial court's Rule 54(b), N.D.R.Civ.P., certification was improvidently granted and dismiss the appeal.

On July 26, 1992, four-year-old Cory Hammond drowned when he fell from a concrete flood control device on the Souris River in Minot. Gessner, Cory's mother, served a summons and complaint on Arden Hamar, Chairperson of the Ward County Water Management District, and Robert A. Schempp, City Manager of the City of Minot.[1] The City answered, in part:

> "Mr. Schempp is not a member of the governing board for the City of Minot. Mr. Schempp is an employee of the City of Minot. Therefore, pursuant to Civil Rule 12, this answering defendant alleges that there is an insufficiency of process and an

---

1. Rule 4(d)(2)(E), N.D.R.Civ.P., provides that personal service of process "must be made ... (E) upon a city, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board."

insufficiency of service of process, and therefore Plaintiff's claim against the City of Minot should be dismissed."

The City moved for dismissal. The trial court found there was insufficient service of process on the City and ordered dismissal of Gessner's claim against it. The trial court expressly ruled under Rule 54(b), N.D.R.Civ. P., that there was no just reason for delay in entering final judgment of dismissal and expressly directed the entry of final judgment dismissing the City. Judgment was entered, and Gessner appealed.

 Rule 54(b), N.D.R.Civ.P., authorizes entry of a final judgment adjudicating fewer than all claims or the rights and liabilities of fewer than all parties upon the trial court's "express determination that there is no just reason for delay" and upon the trial court's "express direction for the entry of judgment." We are not bound by a trial court's determination and we will review a 54(b) certification to determine if the court abused its discretion. *Janavaras v. Nat'l Farmers Union Prop. & Cas. Co.*, 449 N.W.2d 578, 580 (N.D.1989).

Our review of a trial court's Rule 54(b) certification "is to determine whether the case presents an 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal." *Gissel v. Kenmare Township*, 479 N.W.2d 876, 877 (N.D.1992). Rule 54(b), "preserves the policy against piecemeal appeals." *Bulman v. Hulstrand Constr. Co., Inc.*, 503 N.W.2d 240, 241 (N.D.1993). We have no authority to render advisory opinions, and "Rule 54(b) certification may not be used to circumvent that restriction." *Janavaras* at 581. Absent unusual and compelling circumstances, the possibility of avoiding two trials is not a sufficient reason for granting Rule 54(b) certification. *Janavaras* at 580.

The trial court was not confronted with a harsh case overcoming our policy against piecemeal appeals, prejudice or hardship, or any unusual or compelling circumstances dictating immediate entry of a judgment. Furthermore, future developments at trial may cause the issue about service of process to become moot. The possibility that a need for appellate review may become moot by future developments in the trial court supports the normal postponement of review until the entire case is decided. *Bulman* at 242. For example, trial of this case against the remaining defendant may result in a finding that the Water Management District was 100 percent responsible for Gessner's damages, thereby obviating the need for review of the trial court's dismissal of the City and rendering any decision on the merits of this appeal purely advisory. *Bulman* at 241–42. Potential mootness is a "just reason for delay" in entering a final judgment that only partially disposes of a case. *Bulman* at 242.

We conclude the district court abused its discretion in granting the Rule 54(b) certification, and, accordingly, we dismiss the appeal.

VANDE WALLE, C.J., and LEVINE, MESCHKE and NEUMANN, JJ., concur.