Julia M. INGALLS, Plaintiff
and Appellant

v.

GLASS UNLIMITED, INC., a
corporation, Defendant

and

The Municipal Airport Authority of the
City of Fargo, a municipal corporation,
Defendant and Appellee.

Civ. No. 940369.

Supreme Court of North Dakota.

April 13, 1995.

Leland F. Hagen of Lee Hagen Law Office, Fargo, for plaintiff and appellant.

E. Thomas Conmy III and Andrew L.B. Noah of Nilles, Hansen & Davies, Fargo, for defendant and appellee; argued by E. Thomas Conmy III.

SANDSTROM, Justice.

Julia M. Ingalls appeals a judgment dismissing one of the defendants in her action. We hold the district court improvidently granted Rule 54(b), N.D.R.Civ.P., certification and dismiss the appeal.

On July 4, 1991, Julia M. Ingalls was injured at the Hector International Airport in Fargo. Ingalls contends an automatic door closed on her causing her to fall. Ingalls sued Glass Unlimited, Inc., the company responsible for installing and maintaining the automatic doors. Glass Unlimited was properly served and does not appeal.

The Municipal Airport Authority of Fargo is a public corporation which operates Hector Airport. On June 29, 1994, Ingalls personally served a summons and complaint on the executive director of the Airport Authority. The executive director notified the Airport Authority governing board at a board meeting on July 5, 1994. The board unanimously adopted a motion to receive the summons and complaint and to refer them to the Airport Authority's attorney.

The Airport Authority moved to dismiss the action under Rule 12, N.D.R.Civ.P., based on insufficiency of service and lack of personal jurisdiction. The Airport Authority argued Ingalls failed to serve the governing board as required under Rule 4(d)(2)(E), N.D.R.Civ.P. Ingalls concedes the executive director is not a board member, but argues the Airport Authority admitted service at the July 5, 1994, board meeting. The district court dismissed the action against the Airport Authority and ruled there was no just reason to delay a final judgment under Rule

54(b), N.D.R.Civ.P. Ingalls appeals the judgment dismissing the Airport Authority.

This case closely parallels *Gessner v. City of Minot,* 529 N.W.2d 868 (N.D.1995). Here too, further developments at trial may make this appeal moot.

Based on our reasoning in *Gessner* and *Bulman v. Hulstrand Constr. Co. Inc.,* 503 N.W.2d 240 (N.D.1993), we conclude the district court abused its discretion by granting Rule 54(b) certification. Accordingly, we dismiss the appeal.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.