Edward D. VANOVER, Plaintiff,
Appellant and Cross–
Appellee,

v.

KANSAS CITY LIFE INSURANCE COM-
PANY, a Corporation, and James B.
Slusher, Defendants, Appellees and
Cross–Appellants.

Civ. No. 940326.

Supreme Court of North Dakota.

July 27, 1995.

Ralph A. Vinje, Bismarck, for plaintiff, appellant, and cross-appellee. Appearance by Edward D. Vanover.

Lawrence A. Dopson, of Zuger Kirmis & Smith, Bismarck, for defendants, appellees, and cross-appellants.

VANDE WALLE, Chief Justice.

Edward D. Vanover appealed from an order granting a new trial to Kansas City Life Insurance Company and James B. Slusher. Kansas and Slusher cross-appealed from the denial of their motion for judgment notwithstanding the verdict. We dismiss the appeals.

Vanover was a general agent for Kansas and for Armour Life Insurance Company, a subsidiary of Kansas, until he was terminated in 1983. Vanover sued Kansas and its associate general counsel, Slusher, for defamation regarding statements by Slusher that Vanover had been terminated from Armour and from Kansas "for cause." Vanover alleged that, on different occasions, Slusher

had made the defamatory statements to three different entities, American Health and Life Insurance Company, Globe Life and Accident Insurance Company, and all the independent general agents of Kansas.

In *Vanover v. Kansas City Life Ins. Co.*, 438 N.W.2d 524 (N.D.1989), this court reversed and remanded a summary judgment of dismissal in favor of the defendants, holding that Vanover's prior judicial action against Kansas for breach of contract and prior administrative proceeding against Armour did not preclude him from litigating this defamation action.

On remand, the trial court determined the statements by Slusher were not defamatory on their face and submitted the defamation issue to a jury. *See Vanover, supra.* The jury returned a special verdict in favor of Vanover, finding

"1. Were any of the statements by the defendants defamatory as defined by these instructions?

<u>   X   </u>    <u>       </u>
   Yes        No

"2. Was the defamation in the form of libel <u>  X  </u> or slander <u>  X  </u> ? (Check one or both)

"3. Did the defamatory statement cause injury to the plaintiff's reputation?

<u>   X   </u>    <u>       </u>
   Yes        No

"4. Were any of the defamatory statements not a privileged communication?

<u>   X   </u>    <u>       </u>
   Yes        No

"5. Were any defamatory statements by the defendant made with malice?

<u>   X   </u>    <u>       </u>
   Yes        No

"6. Did the plaintiff suffer special monetary damages as a result of any defamatory statement?

<u>   X   </u>    <u>       </u>
   Yes        No

"7. What special damages do you find the plaintiff has suffered?
$   250.00

"8. Has the plaintiff suffered general damages as a result of any defamatory statement?

<u>   X   </u>    <u>       </u>
   Yes        No

"9. What general damages do you find the plaintiff has suffered?
$   416,800.00

\* \* \* \* \*

"11. If your answer to question 5 was yes, is the defendant entitled to exemplary damages as defined in these instructions?

<u>   X   </u>    <u>       </u>
   Yes        No

"12. What amount of exemplary damages do you award to the plaintiff?
$   583,200.00  "

The defendants moved for judgment notwithstanding the verdict, or, alternatively, for a new trial. The trial court granted the defendants' motion for a new trial, concluding it had erred in using a verdict form that did not separate the jury's findings of fact as to each of the three allegedly defamatory publications. The trial court said:

"For example, at least one of the claimed publications is not supported by evidence that it was defamatory or that it caused special damage (pecuniary loss) to the plaintiff. That one was to Globe Life and Accident Insurance Company.

"So also, at least one of the three publications (to the Kansas City Life agents) clearly was privileged as defined in our law. However, the verdict form submitted to the jury asked simply whether *any* of the communications were *not* privileged. The Court does not now know which of the publications were privileged and, if so, whether the privilege was lost by the conduct of the defendant.

"Therefore, the Court cannot separate or differentiate, from the verdict form submitted to the jury, which or if all three publications were: (1) defamatory, (2) not subject to privilege, (3) caused special damages (pecuniary loss), (4) caused general damages, and (5) done maliciously so as to justify a punitive damage award."

The trial court granted the parties' request for certification under N.D.R.Civ.P. 54(b), ruling there existed no just reason to delay entry of final judgment. Vanover appealed from the order granting a new trial, arguing that 1) the special verdict was proper because only one defamatory statement had been published to several recipients, 2) even if there were three separate publications and the special verdict was improper, the jury instructions were such that the jury must have found that each of the three publications were defamatory and resulted in special damages, and 3) the trial court erred in refusing to admit certain evidence at trial. The defendants cross-appealed from the court's implicit denial of their motion for judgment notwithstanding the verdict, asserting that 1) Vanover failed to prove that he incurred any special damages necessary for defamation per quod, or that any recipients of the publications found the statements to be defamatory, and 2) the publications were privileged and stated Slusher's opinion that Vanover had been terminated for cause.

We initially consider the appealability of the trial court's order granting a new trial. In *Ceartin v. Ochs*, 479 N.W.2d 863 (N.D. 1992), we said that an order granting a new trial is an appealable order under N.D.C.C. § 28–27–02 but that N.D.R.Civ.P. 54(b) is applicable to such an order because the order does not terminate the action.

■ Rule 54(b), N.D.R.Civ.P., authorizes entry of a final judgment adjudicating fewer than all claims if the trial court makes "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment." Although the trial court entered a Rule 54(b) certification in this case, we are not bound by the court's determination, and we will *sua sponte* review the certification to determine if the court abused its discretion. *Ingalls v. Glass Unlimited, Inc.*, 529 N.W.2d 872 (N.D.1995); *Gessner v. City of Minot*, 529 N.W.2d 868 (N.D.1995); *Bulman v. Hulstrand Constr. Co., Inc.*, 503 N.W.2d 240 (N.D.1993); *Janavaras v. Nat'l Farmers Union Property & Casualty Co.*, 449 N.W.2d 578 (N.D.1989); *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919 (N.D.1989); *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989).

■ Rule 54(b), N.D.R.Civ.P., "preserves the policy against piecemeal appeals." *Bulman*, 503 N.W.2d at 241. In reviewing a trial court's Rule 54(b) certification, we examine a number of recognized factors outlined in *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).[1] The purpose of our review "is to determine whether the case presents an 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal." *Gissel v. Kenmare Township*, 479 N.W.2d 876, 877 (N.D.1992). In order to demonstrate unusual and compelling circumstances for Rule 54(b) certification, there must be out-of-the-ordinary circumstances or cognizable unusual hardships to the litigants that will arise if resolution of the issues is deferred. *Janavaras, supra; Club Broadway, supra.* We have no authority to render advisory opinions, and "Rule 54(b) certification may not be used to circum-

---

1. In *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984), we said:

   "'In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).'"

   Quoting *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975).

vent that restriction." *Janavaras,* 449 N.W.2d at 581. Absent unusual and compelling circumstances, the possibility of avoiding two trials is not a sufficient reason for granting a Rule 54(b) certification. *E.g., Gissel, supra; Janavaras, supra.*

Here, the trial court was not confronted with an "infrequent harsh case" overcoming our strong policy against piecemeal appeals, or with any cognizable unusual hardships or compelling out-of-the-ordinary circumstances dictating immediate entry of judgment. In granting certification, the trial court said "the law of defamation and slander in this state is so paltry that without definitive decisions from the appellate court, judicial funds and resources, in addition to the parties', would be squandered by this case continuing at the trial level at this time." Although economic considerations and delay are relevant to the Rule 54(b) equation, saving the parties and the trial court the time and expense of a second trial is not sufficient alone to justify a Rule 54(b) certification. *Gissel, supra; Janavaras, supra.* The trial court's rationale for granting Rule 54(b) certification was an invitation to render an advisory opinion in advance of the second trial. We have rejected similar arguments in the past. *E.g., Gissel, supra; Zerr, supra.*

In *Ceartin v. Ochs,* 479 N.W.2d at 865, we explained our rationale for denying immediate appellate review of an order granting a new trial:

> "An order granting a new trial does not terminate a proceeding as does an order denying a new trial.... '[T]he denial of a

new trial brings the case to an end, whereas the granting of a new trial merely results in the trial of the case to another jury.' ... Orders granting new trials 'are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation on the entire case upon its facts and merits.' ..."

[Citations omitted]. *See Ceartin v. Ochs,* 516 N.W.2d 651 (N.D.1994) [order granting new trial is reviewable upon appeal from the final judgment]; *Club Broadway, supra* [interlocutory issues may be reviewed in appeal from final judgment].

We are not persuaded that the trial court's rationale for granting Rule 54(b) certification delineated any cognizable unusual hardships or out-of-the-ordinary circumstances to distinguish this appeal from any appeal from an order granting a new trial. We conclude the trial court abused its discretion in granting a Rule 54(b) certification.

Accordingly, we dismiss the appeal and cross-appeal.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.