**Donald G. WYATT, Plaintiff and Appellant**

**and**

**Shirley A. Wyatt, Intervenor**

**v.**

**Ardell A. ADAMS, Defendant and Appellee**

**and**

**Grand Forks Welding and Machine Company, Defendant and Appellee**

Civil No. 960020.

Supreme Court of North Dakota.

June 27, 1996.

Ralph F. Carter (argued), and Shirley A. Dvorak (on brief), of Moosbrugger, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Jay Fiedler, of Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant and appellee Ardell A. Adams.

Michael J. Morley, of Morley, Morley & Light, Ltd., Grand Forks, for defendant and appellee Grand Forks Welding and Machine Company.

NEUMANN, Justice.

Donald Wyatt appealed from a district court judgment dismissing Grand Forks Welding and Machine Company as a party defendant in Wyatt's action to recover damages for injuries sustained by him when he fell from a ladder. We conclude that the trial court improvidently certified the judgment as final under Rule 54(b), N.D.R.Civ.P., and we dismiss the appeal.

Wyatt was seriously injured in December 1987 when he fell from a ladder owned by Ardell Adams, the father of Wyatt's former spouse, while using the ladder at Adams' home. Wyatt sued Adams for damages. Wyatt later joined as defendants R.D. Werner Company, the ladder's manufacturer, and Grand Forks Welding, whom Wyatt discovered had performed welding repairs on the ladder prior to the accident. Wyatt settled with R.D. Werner Company, who was then dismissed from the case. Upon motion, the district court also dismissed Grand Forks Welding as a party defendant on the ground the statute of limitations had run on Wyatt's claim against Grand Forks Welding.

Upon Grand Forks Welding's request, the district court certified the dismissal as a final judgment under Rule 54(b), N.D.R.Civ.P. Wyatt was then forced to file an immediate

appeal to preserve his argument that the district court wrongly decided the statute of limitations had run on Wyatt's claim against Grand Forks Welding and erred in dismissing Grand Forks Welding from the case.

 Under Rule 54(b), N.D.R.Civ.P., a trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The burden is upon the party requesting Rule 54(b) certification to show extraordinary circumstances or that cognizable, unusual hardship to the litigants will arise if resolution of the issues on appeal is deferred. *Bjornson v. Guaranty National Ins. Co.*, 510 N.W.2d 622 (N.D.1994). In determining whether to issue a Rule 54(b) certification, the trial court must consider our longstanding policy against piecemeal appeals. *Bulman v. Hulstrand Constr. Co., Inc.*, 503 N.W.2d 240 (N.D.1993). We are not bound by a trial court's determination, and we will review a Rule 54(b) certification to determine if the court abused its discretion. *Gessner v. City of Minot*, 529 N.W.2d 868 (N.D.1995). The purpose of our review is to determine whether the case presents an "infrequent harsh case" warranting the extraordinary remedy of an otherwise interlocutory appeal. *Gissel v. Kenmare Township*, 479 N.W.2d 876, 877 (N.D.1992).

██ Grand Forks Welding has not demonstrated hardship or prejudice would result in this case without certification. The possibility that a second trial may be avoided is not a sufficient reason for granting a Rule 54(b) certification, absent unusual and compelling circumstances. *Imperial Oil v. Hanson*, 510 N.W.2d 598 (N.D.1994). Wyatt's action against Adams is pending. Wyatt and Grand Forks Welding concede the outcome of that litigation could potentially result in Wyatt's claim against Grand Forks Welding becoming moot. For example, if the factfinder concludes Wyatt is more than 50 percent at fault for the accident or if it determines Adams is 100 percent at fault, Wyatt's claim against Grand Forks Welding becomes moot. We have held on numerous occasions that potential mootness is a just reason for delay in entering a final judgment, making it inappropriate to enter a Rule 54(b) certification. *Ingalls v. Glass Unlimited, Inc.*, 529 N.W.2d 872 (N.D.1995); *Gessner v. City of Minot*, 529 N.W.2d 868 (N.D.1995); *Imperial Oil v. Hanson*, 510 N.W.2d 598 (N.D.1994); *Bulman v. Hulstrand Construction Co., Inc.*, 503 N.W.2d 240 (N.D.1993). Rule 54(b) certification is inconsistent with the appropriate exercise of sound discretion when there is a possibility that the need for review may be mooted by future developments in the district court. *Bulman, supra*, 503 N.W.2d at 242.

Under these circumstances, we conclude the trial court abused its discretion in granting the Rule 54(b) certification. Accordingly, we dismiss the appeal, and we direct that costs on appeal be assessed against Grand Forks Welding and in favor of the appellant.

APPEAL DISMISSED.

VANDE WALLE, C.J., and
SANDSTROM and MESCHKE, JJ., concur.

MARING, Justice, dissenting.

I disagree with the majority opinion because I believe that the time has come for this court to be more flexible in its application of Rule 54(b), N.D.R.Civ.P., more deferential to the district courts and generally more willing to hear appeals which are products of Rule 54(b) certification.

I am of the opinion that this court needs to pull back from its restrictive approach to Rule 54(b), an approach which apparently found its foothold in *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). In *Union State Bank* this court looked to several federal cases, in particular *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir.1975), in developing a set of "relevant factors in Rule 54(b) cases."[1] *Un-*

1. In *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984), this court said:
 " 'In reviewing 54(b) certifications, other courts have considered the following factors,

inter alia: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in

*ion State Bank*, 357 N.W.2d at 238. Since then this court has relied, either implicitly or explicitly, on the *Allis–Chalmers* factors in deciding Rule 54(b) cases. *See Striegel v. Dakota Hills, Inc.*, 365 N.W.2d 491, 494 (N.D.1985); *Sargent County Bank v. Wentworth*, 434 N.W.2d 562, 564 (N.D.1989); *Peterson v. Zerr*, 443 N.W.2d 293, 297 (N.D. 1989); *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919, 921 (N.D.1989); *Janavaras v. Nat. Farmers Union Property*, 449 N.W.2d 578, 581 (N.D.1989); *Smith v. Vestal*, 456 N.W.2d 502, 504–05 (N.D.1990); *Gissel v. Kenmare Tp.*, 479 N.W.2d 876, 877 (N.D.1992); *Vanover v. Kansas City Life Ins. Co.*, 535 N.W.2d 424, 426 (N.D.1995).

In the process of developing its restrictive approach to Rule 54(b), this court has lost sight of the rule's purpose. Rule 54(b) is "directed to the timing of appeal in a procedural system allowing the parties almost unlimited control of the size and shape of the action." James Wm. Moore, Moore's Federal Practice, ¶ 54.27[2] at 54–79 (2d Ed.1996). Within such a system "justice dictates that some matters be finally settled ahead of complete disposition of the case." *Id.* Under Rule 54(b), the trial court acts as a "dispatcher," determining "the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). "No precise test exists" to guide trial courts in determining whether to grant Rule 54(b) certification and "the absence of detailed criteria to guide the trial judges' exercise of discretion reflects a conscious decision by the Supreme Court not to restrict the operation of [Rule 54(b) ] within too narrow a framework." Wright, Miller & Kane, Federal Practice and Procedure, 10 Civil § 2659 at 100 (2d Ed.1983).

The court's continued reliance on *Allis–Chalmers* is misguided considering the developments in Rule 54(b) jurisprudence that

have occurred since the Supreme Court analyzed Rule 54(b) in *Curtiss–Wright, supra.* Contrary to the position taken by the majority here, the *Curtiss–Wright* court indicated that:

> "the phrase 'infrequent harsh case' in isolation is neither workable nor entirely reliable as a benchmark for appellate review. There is no indication it was ever intended by the drafters to function as such."

*Curtiss–Wright*, 446 U.S. at 10, 100 S.Ct. at 1466. Instead, "the standard against which a district court's discretion is to be judged is the 'interest of sound judicial administration.' " *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). Appellate courts should review the trial court's "evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss–Wright*, 446 U.S. at 10, 100 S.Ct. at 1466. Yet, after this review, "the discretionary judgment of the district court should be given substantial deference, for that court 'is the one most likely to be familiar with the case and with any justifiable reasons for delay.' " *Id.* (quoting *Sears*, 351 U.S. at 437, 76 S.Ct. at 901).

I submit that, in the interest of "sound judicial administration," the cost of litigation to the parties should be a factor recognized in considering Rule 54(b) certifications by this court. The cost of litigation has increased dramatically in recent years. *See, e.g.*, Robert E. Litan, *Speeding Up Civil Justice*, 73 Judicature 162 (1989). The possibility of two trials presents far *greater* cost to a plaintiff in comparison to two appeals. Likewise, holding a defendant in a case until the bitter end has an economic effect on that party's litigation costs. We cannot simply ignore these realities.

the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial,

frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).' "
(quoting *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975)).

The modern approach to Rule 54(b) is a less restrictive approach. "The present trend is toward greater deference to a district court's decision to certify under Rule 54(b)." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991). The *Texaco* court held that "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Id.* at 797. Other circuit courts of appeal have also concluded that "the interest of sound judicial administration" is served by allowing district courts to certify certain cases for appellate review, especially when certification aids prompt disposition of cases. *See, e.g., Perez v. Ortiz*, 849 F.2d 793, 796–97 (2d Cir.1988) (exercising jurisdiction over appeal after concluding that Rule 54(b) certification was a "prompt and efficient means for obtaining appellate review" in multiple, but related, civil rights actions); *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir.1985) (Posner, J.) (exercising jurisdiction over appeal after concluding that Rule 54(b) certification was justified, in part because dismissed defendants "should not have to wait until the case against the bus company is concluded to get a definitive determination of their liability."). Indeed, even the Third Circuit Court of Appeals retreated from the restrictive *Allis–Chalmers* approach in *Cemar, Inc. v. Nissan Motor Corp.*, 897 F.2d 120, 122 (3rd Cir.1990), relying instead on *Curtiss–Wright.* We should follow these jurisdictions and back away from our current overly restrictive and outdated approach to Rule 54(b).

Here, there is no question that Grand Forks Welding and Machine Company (Grand Forks) would be out of this case if the statute of limitations issue is decided in its favor. There is no reason why this court should not decide the statute of limitations issue, except out of concern for its own economy as opposed to that of the parties and the lower courts. The mere possibility that surviving claims may moot an appellate ruling should not be enough, standing alone, to prevent Rule 54(b) certification. There is "no just reason for delay" in this case.

I also disagree with the majority's decision to assess costs on appeal against Grand Forks. Costs typically are assessed against the appellant if an appeal is dismissed. *See* N.D.C.C. § 28–26–12. Under Rule 39, N.D.R.A.P., however, this court has the power to tax costs against any party. Here, the majority suggests that Grand Forks somehow "forced [the appellant] to file an immediate appeal" by seeking Rule 54(b) certification, and it is apparently assessing fees against Grand Forks for having the temerity to seek such certification. However, it was the decision of the district court, not Grand Forks, to grant Rule 54(b) certification. The majority is wrong to punish the appellee for the mere use of a rule of civil procedure to seek relief when it was the trial court that the majority found abused its discretion in granting the requested certification.

I respectfully dissent.