1997 ND 40

**Norbert V. SICKLER and Loretta M. Sickler, Plaintiffs and Appellees,**

v.

**William C. KIRKWOOD d/b/a Kirkwood Oil & Gas and Wesco Operating, Inc., Defendants and Appellants.**

**Civil No. 960226.**

Supreme Court of North Dakota.

March 20, 1997.

Randall N. Sickler, of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for plaintiffs and appellees.

Gary R. Wolberg, of Fleck, Mather & Strutz, Bismarck, for defendants and appellants.

SANDSTROM, Justice.

[¶ 1] William Kirkwood and Wesco Operating, Inc., appeal from a partial summary judgment determining an oil and gas lease terminated when oil was not produced under the lease for periods exceeding sixty days. We dismiss the appeal, concluding the trial court abused its discretion in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b).

I

[¶ 2] In 1982, Norbert and Loretta Sickler leased mineral interests to Spectrum Resources, Inc. Kirkwood is an assignee of Spectrum's interest in the lease. The lease provides it terminates if production of oil or gas ceases for any cause, and the lessee fails to commence additional drilling or reworking operations within sixty days thereafter.

[¶ 3] The Sicklers brought this action to declare the lease terminated for lack of production. The trial court granted the Sicklers' motion for partial summary judgment on the issue of termination of the lease, and reserved for trial the issues of damages and attorneys' fees. The Sicklers' motion to amend the complaint to add a cause of action for fraud, including punitive damages, is also pending in the trial court. The trial court certified the partial summary judgment as final under N.D.R.Civ.P. 54(b), and Kirkwood and Wesco appealed.

II

[¶ 4] Rule 54(b), N.D.R.Civ.P., authorizes entry of a final judgment adjudicating fewer than all claims of all parties upon an "express determination that there is no just reason for delay." The party requesting Rule 54(b) certification must demonstrate extraordinary circumstances are present or unusual hardship to the litigants will arise if resolution of the issues on appeal is deferred. *Wyatt v. Adams,* 551 N.W.2d 775, 777 (N.D. 1996).

[¶ 5] We are not bound by the trial court's determination, but will *sua sponte* review a Rule 54(b) certification to determine if the court abused its discretion. *Vanover v. Kansas City Life Insurance Co.,* 535 N.W.2d 424, 426 (N.D.1995); *Gessner v. City of Minot,* 529 N.W.2d 868, 870 (N.D.1995). Our review of a Rule 54(b) certification is to determine whether the case presents an "infrequent harsh case" warranting the extraordinary remedy of an otherwise interlocutory appeal. *Gessner,* 529 N.W.2d at 870. We have no authority to render advisory opinions, and Rule 54(b) was not intended to circumvent that restriction but rather to preserve our long-standing policy against piecemeal appeals. *Gessner,* 529 N.W.2d at 870; *Bjornson v. Guaranty National Insurance Co.,* 510 N.W.2d 622, 624 (N.D.1994).

[¶ 6] In this case, no party requested Rule 54(b) certification, there was no hearing on the issue, and no party demonstrated extraordinary circumstances or cognizable, unusual hardship. *See Wyatt,* 551 N.W.2d at 777; *Bjornson,* 510 N.W.2d at 623–624. The trial court did not articulate any reason compelling finality of the judgment, other than parroting the language of Rule 54(b) by finding there was "no just reason for delay."

[¶ 7] The trial court must delineate unusual or compelling circumstances justifying Rule 54(b) certification. *Bjornson,* 510 N.W.2d at 624. Because the trial court failed to do so, and because no compelling circumstances are apparent on the record, we conclude the trial

court abused its discretion in granting Rule 54(b) certification.

### III

[¶ 8] The appeal is dismissed. Costs on appeal are assessed against the Sicklers.

[¶ 9] VANDE WALLE, C.J., and MESCHKE and NEUMANN, JJ., concur.

MARING, Justice, specially concurring.

[¶ 10] I write to join the majority decision to dismiss the appeal on the ground the trial court abused its discretion in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b), but for the following reasons.

[¶ 11] There was never a motion requesting the court enter a final judgment under Rule 54(b), N.D.R.Civ.P. During oral argument Sicklers' counsel admitted he submitted a proposed order for judgment and the court signed it without consideration of the positions of the respective parties. This procedure is not what is contemplated by the rule, but rather a carefully considered analysis by the court whether there is "no just reason for delay." It almost appears that the Rule 54(b) certification in this case was inadvertently granted.

[¶ 12] Second, Sicklers have moved to amend the complaint to allege a cause of action for fraud against Kirkwood. At the time of oral argument, this motion had not been acted on by the trial court. Whether our court determined the issue in favor of Kirkwood or against Kirkwood, there still would remain issues to be determined as between these two parties. I do note, however, that different circumstances surrounding an oil and gas lease may require immediate action. Rule 54(b) certification may then be appropriate, but there is nothing in the record to this effect in this case.

[¶ 13] Finally, I continue to be concerned over the test of the "infrequent harsh case" applied by the majority to determine whether there was "no just reason for delay." I believe we need to clarify what constitutes an "infrequent harsh case" so that our trial courts have some guidelines when exercising their discretion under Rule 54(b). I continue to hold the view that the scope of Rule 54(b) should not remain so narrow as our court has drawn it in light of *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). *See Wyatt v. Adams,* 551 N.W.2d 775 (N.D.1996) (Maring, J. dissenting).

[¶ 14] Mary Muehlen Maring